## IN THE UNITED STATE DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTY GRIFFITH, individually and on behalf of all others similarly situated | ) ) ) | Case No. 16-cv-2900 |
| Plaintiff, | ) ) | Hon. Elaine S. Bucklo |
| v. | ) ) | Magistrate Judge |
| CONTEXTMEDIA, INC. and DOES 1-25 | ) ) | Mary M. Rowland |
| Defendants. | ) | |

### Memorandum in Support of Defendant ContextMedia, Inc.'s Motion to Stay

Defendant ContextMedia, Inc. ("ContextMedia") submits this memorandum in support of its motion to stay all proceedings pending the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (U.S. Apr. 27, 2015) (No. 13-1339).

As another Court in this District held in a different Telephone Consumer Protection Act ("TCPA") case when a similar request was made in light of *Spokeo*, a stay is appropriate here. First, *Spokeo* will likely determine if Plaintiff Christy Griffith has standing to sue ContextMedia for any alleged violations of the TCPA. This question should be resolved before this Court and the parties spend the considerable resources inherent in proceeding with litigation. Second, the Complaint was just filed four days ago. This case could hardly be at an earlier stage, and no party will be prejudiced by any stay. Third, the Plaintiff does not claim any continuing, ongoing injury or damages, so there should be no dispute that there is no compelling interest in expediting this proceeding in the face of such an important decision pending from the Supreme Court.

For these reasons, and as more fully set forth below, ContextMedia respectfully asks the Court to stay all proceedings until the Supreme Court decides *Spokeo*.

## Relevant Facts

**ContextMedia's Business**

ContextMedia provides education to patients at the point of care and during treatment through technology that engages patients with relevant information to improve health outcomes. ContextMedia partners with the nation's leading patient education producers and medical associations to curate best-in-class health-related media, which delivers educational content that is tailored to each practice to ensure that the right information gets to the right patients.  (*See* http://www.contextmediainc.com.)

**The Plaintiff's Claims**

Against that background, the Plaintiff has brought a one-count complaint against ContextMedia for an alleged violation of the TCPA.[1]  She alleges that in or about July 2015, she subscribed by opting in to ContextMedia's "CMH Nutrition Tips" service through which ContextMedia sent to her cellular telephone text messages containing a health-care related nutrition tip each day.  (*See* Compl. ¶¶ 2, 15.)  These healthcare related tips have no commercial purpose and are intended solely to provide free, healthy, beneficial information to subscribers on a daily basis.  On or before November 29, 2015, the Plaintiff alleges that she replied "STOP" to one of these text messages, which was the method stated in a text message for opting out of further text messages.  (*See id.* ¶¶ 3, 22.)  Since that day, the Plaintiff claims that she made 25 attempts to opt out of the text messages.  (*Id.* ¶¶ 4, 22-29.)  The Plaintiff estimates that she received "at least 80 text messages . . . after the first time she asked Defendant to 'STOP.'"  (*Id.* ¶ 29.)

---

[1] The majority of this section relies on the allegations in the Complaint for purposes of this Motion to Stay.  ContextMedia reserves its rights to contest any and all of the allegations in the Complaint at the appropriate time.

The Plaintiff, however, does not allege that the text messages caused her any actual out-of-pocket cost. Notwithstanding, Plaintiff now seeks damages of at least $500 for each text message she received after first replying "STOP," and potentially $1,500 per text message if she can prove that ContextMedia's behavior was allegedly "willful or knowing." (*See id.* ¶¶ 40-41, 63-64.) This makes the Plaintiff's individual demand based solely on statutory amount—not actual out-of-pocket damages to her—between $40,000-120,000 for the alleged receipt of 80 or more additional text messages. The Plaintiff does not contend that she continues to receive any text messages from ContextMedia.

### Argument

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005) (citing, *inter alia*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to grant a motion to stay, courts typically consider three factors: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and the court." *Conrad v. Boiron, Inc.*, No. 13 C 7903, 2014 WL 2937021, at *3 (N.D. Ill. June 30, 2014) (citations omitted). Because the second and third factors are similar, they can often be analyzed together. *See id.* All of these factors weigh in favor of granting a stay.

I.      **A Stay Will Not Unduly Prejudice or Tactically Disadvantage the Non-Moving Party.**

Analyzing the first factor, a stay will not prejudice or disadvantage the Plaintiff.   This case is barely past its inception.  There is no case management schedule, discovery schedule, or trial date.  ContextMedia's initial response to the Complaint is not yet due.  The Plaintiff has no reliance interest in any set schedule or other timetable of the case that would work any prejudice or disadvantage.  *See, e.g.*, *Clintec Nutrition Co. v. Abbott Labs.*, No. 94-3152, 1995 WL 228988, at *3 (N.D. Ill. Apr. 14, 1995).

Moreover, the stay requested here would be of limited duration.  *See Cascades Computer Innovation, LLC v. SK Hynix Inc.*, No. 11-C-4356, 2012 WL 2086469, at **1-2 (N.D. Ill. May 25, 2012) (granting defendant's renewed motion for a stay on the basis that the stay would be "for a finite period of time" and that the case is still in the early stages of litigation).  The *Spokeo* case is fully briefed and was argued in November 2015.  (*See* http://www.supremecourt.gov/docketfiles/13-1339.htm.)  The Supreme Court will rule on it this term, meaning by the end of June 2016.  That signifies that the requested stay would be less than four months.   There is no allegation of any continuing texts being sent to the Plaintiff, so there is no alleged continuing harm that needs to be addressed.  If anything, the parties will be better informed about how this case will proceed without needlessly wasting resources.  Both parties should view this guidance as advantageous.

As this Court is well aware, litigation entails a lengthy process of motions and pre-trial discovery, all of which is expensive and time-consuming.  A case with class allegations increases the complexity.  In the grand scheme of the entire litigation process, there is no reason to believe that a short stay would have any prejudicial or disadvantageous impact, thereby satisfying the first requirement for a stay.

II.     **A Stay Until the Supreme Court Rules in *Spokeo* Will Simplify the Issues in Question and Streamline the Trial, As Well as Reduce the Burden of Litigation on the Parties and the Court.**

Taking the next two factors together, the Supreme Court's decision in *Spokeo* will simplify the issues in question, streamline the trial, and reduce the burden of litigation. While considering a motion to stay a TCPA case until the decision of a different then-pending case in front of the Supreme Court, this Court granted the stay where there was even a "possib[ility] that the Supreme Court will reach the issue." *See, e.g.*, *Fauley v. Royal Canin U.S.A., Inc.*, No. 1:15-cv-02170, 2015 WL 3622542 (N.D. Ill. May 22, 2015) (Bucklo, J.) (granting defendant's motion to stay pending Supreme Court's decision in *Campbell-Ewald Company v. Gomez*, No. 14-857, 136 S. Ct. 663 (Jan. 20, 2016)).

This accords with a standard practice of staying cases at the trial court level pending Supreme Court cases with potential impact on the pending case. *See, e.g.*, *Cortes v. Bd. of Governors*, No. 89-C-3449, 1991 WL 148181, at *2 (N.D. Ill. July 19, 1991) (granting "Defendants' motion to stay further proceedings in this case until the United States Supreme Court has ruled" in a relevant case); *Crosetto v. Heffernan*, No. 88-C-433, 1990 WL 32310, at *2 (N.D. Ill. Feb. 22, 1990) (granting stay where "there is more than mere speculation involved in defendant's assertion that many of the questions directly in issue in the instant lawsuit may be addressed by the Supreme Court" in a pending case).

There is more than just the possibility that the Supreme Court will reach issues affecting this litigation when it decides *Spokeo*. In granting *certiorari*, the Supreme Court stated the issue as follows:

> Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.  (*See* Grant of Writ of Certiorari, attached as Exhibit A.)

The Supreme Court heard oral argument in *Spokeo* on November 2, 2015. (*See* United States Supreme Court Docket for Case No. 13-1339, available at http://www.supremecourt.gov/oral_arguments/argument_audio/2015.)

Although *Spokeo* directly involves a claim under the Fair Credit Reporting Act ("FCRA"), courts have found that they anticipate the Supreme Court's *Spokeo* ruling to implicate TCPA cases as well. Rather than draft a lengthy explanation expounding its position, ContextMedia is fortunate that it can avoid reinventing the wheel here and cite to the well-reasoned and thoroughly explained opinion recently issued by Judge Amy St. Eve of this District. Just over two months ago, Judge Amy St. Eve directly addressed the same issue raised by this Motion to Stay. *See Telephone Sci. Corp. v. Asset Recovery Solutions, LLC*, No. 15 C 5182, 2016 WL 47916, at *1 (N.D. Ill. Jan. 5, 2016). Judge St. Eve painstakingly analyzed and considered all the case law and arguments. The Court ultimately found that the "litigation will be streamlined and the burden of litigation reduced on the parties and the Court by the imposition of a stay" and stayed the case. *Id.* at *5-6.[2]

Judge St. Eve recognized that a half-dozen courts had granted stays in the same situation. *Id.* at *3 (citing *Acton v. Intellectual Capital Mgmt.*, No. 15-CV-4004, 2015 WL 9462110, at *2-3 (E.D.N.Y. Dec. 28, 2015); *Luster v. Sterling Jewelers*, No. 1:15-cv-2854-WSD, 2015 WL 9255553, at **2-3 (N.D. Ga. Dec. 17, 2015); *Telephone Sci. Corp. v. Hilton Grand Vacations Co., LLC*, No. 6:15-cv-969-Orl-41DAB, 2015 WL 7444409, at *3 (M.D. Fla. Nov. 20, 2015); *Eric B. Fromer Chiropractic, Inc. v. N.Y. Life Ins. & Annuity Corp.*, No. CV 15-04767-AB, 2015 WL 6579779, at *2 (C.D. Cal. Oct. 19, 2015); *Boise v. ACE USA, Inc.*, No. 15-Civ-21264, 2015

---

[2] Judge Darrah of this District declined to stay a TCPA pending *Spokeo*. *See Fitzhenry v. Career Educ. Corp.*, No. 14-cv-10172, 2016 WL 792312, at *4 (N.D. Ill. Mar. 1, 2016). Unlike Judge St. Eve in *Telephone Science Corp.*, Judge Darrah did not engage in an extensive analysis nor did he cite to a vast amount of case law in making his decision.

WL 4077433, at **5-6 (S.D. Fla. July 6, 2015); *Williams v. Elephant Ins. Co.*, No. 1:15-cv-00119, 2015 WL 3631691, at *1 (E.D. Va. May 27, 2015)). Since then, many more courts have also implemented stays of TCPA cases pending the resolution in *Spokeo*.[3] Notably, all of these courts allowed stays that would necessarily be longer than the one requested here.

This case is an even stronger candidate to be stayed than the case in front of Judge St. Eve because unlike that case, there is no allegation here that the Plaintiff suffered any quantifiable or actual out-of-pocket loss. Depending on the ruling in *Spokeo*, that opinion could be dispositive of this entire case. That is because the Plaintiff has not alleged more than bare, alleged statutory violations without actual damage of any out-of-pocket amount. Judge St. Eve granted the stay even where there were arguably some minimal out-of-pocket damages claimed. This is not a trivial matter. The question of standing cannot be waived. If the Plaintiff lacks standing, this case must be dismissed. This would patently reduce the burden of litigation on the parties and the Court, as well as streamline the litigation.

Requiring the parties to go through motion practice, which would inevitably include a motion to dismiss based on the Plaintiff's lack of standing pending the ruling in *Spokeo*, seems particularly wasteful when the Court and the parties are aware that the Supreme Court ruling will occur within a few months. Engaging in scheduling conferences or discovery would be equally expensive and potentially completely unnecessary. As this Court held in the *Fauley* case, "I see

---

[3] *See O'Hanlon v. 24 Hour Fitness USA, Inc.*, No. 15-cv-01821-BLF, 2016 WL 815357, at **3-5 (N.D. Cal. Mar. 2, 2016); *Compressor Eng'g Corp. v. Thomas*, No. 10-10059, 2016 WL 438963, at **5-6 (E.D. Mich. Feb. 3, 2016); *Rodriquez v. DFS Servs., LLC*, No. 8:15-cv-2601-T-30TBM, 2016 WL 369052, at **2-3 (M.D. Fla. Feb. 1, 2016); *Hannahan Endodontic Group, P.C. v. Inter-Med, Inc.*, No. 15–C–1038, 2016 WL 270224, at **1-2 (E.D. Wis. Jan. 20, 2016); *Tyler v. Nationstar Mortg., LLC*, No. 4:15cv532–WS/CAS, 2016 WL 420284, at *1 (N.D. Fla. Jan. 15, 2016); *Lennartson v. Papa Murphy's Holdings, Inc.*, No. C15-5307 RBL, 2016 WL 51747, at *5 (W.D. Wash. Jan. 5, 2016); *Davis v. Nationstar Mortg., LLC*, No. 15-CV-4944, 2016 WL 29071, at **3-4 (E.D. Penn. Jan. 4, 2016).

EAST\122603889.6

no prejudice in holding this case in abeyance. Discovery is expensive and in my experience, it is mostly the attorneys who benefit from these cases." *See* 2015 WL 3622542. The same principles apply here.

The early stage of the litigation also weighs in favor of a stay, as a short delay that could significantly reduce costs is the ultimate streamliner. *See Cascades Computer Innovation*, 2012 WL 2086469, at *2 ("[T]he third factor weighs in favor [of] a stay because this case is still in the early stages of litigation.").

Last, even though this case is less than a week old, ContextMedia already has received indications that the Plaintiff may attempt to impose costly burdens on it quickly. ContextMedia's counsel advised the Plaintiff's counsel that it would be willing to waive formal service of process pursuant to Federal Rule of Civil Procedure Rule 4. The Plaintiff's counsel expressly declined, refusing to allow ContextMedia with the extended time to respond to the Complaint allowed by the Rules for granting such a waiver. And consistent with that, the Plaintiff's counsel stated that he would oppose this Motion to Stay. This all suggests that streamlining this case and reducing the burden if possible at the initial phase is particularly warranted here.

Given the potentially dispositive effect of *Spokeo* on this case, this case should be stayed until *Spokeo* is decided in order to streamline the issues and reduce the burdens on the Court and the parties, thereby satisfying the remaining two factors for imposing a stay.

## Conclusion

For all of the reasons stated above, ContextMedia respectfully asks the Court to stay all proceedings in this case until the Supreme Court rules in *Spokeo*.

- 8 -

**Dated:**  March 11, 2016                   Respectfully submitted,


/s/ _____Bevin Brennan_____

Kevin D. Finger (#6216060)
Bevin Brennan (#6271982)
Olesya A. Salnikova (#6313887)
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601

*Counsel for Defendant ContextMedia, Inc.*

- 9 -

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2016, I filed the foregoing **Memorandum in Support of Defendant ContextMedia, Inc.'s Motion to Stay** through the Court's electronic filing system and thereby served counsel of record as follows:

> Jeremy M. Glapion
> THE GLAPION LAW FIRM, LLC
> 1704 Maxwell Drive
> Wall, New Jersey 07719
> Tel: 732.455.9737
> Fax: 732.709.5150
> jmg@glapionlaw.com

/s/ _____Bevin Brennan_____