IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTY GRIFFITH, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CONTEXTMEDIA, INC. and DOES 1-25,<br><br>    Defendants. | Case No. 16-cv-2900<br><br>Hon. Elaine S. Bucklo<br><br>Magistrate Judge<br>Mary M. Rowland |

**Reply Memorandum in Support of Defendant ContextMedia, Inc.'s Motion to Stay**

Plaintiff Christy Griffith's opposition to Defendant ContextMedia, Inc.'s Motion to Stay all proceedings in this case pending the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (U.S. Apr. 27, 2015) (No. 13-1339) misses the point in some aspects on one hand and confirms others. The end result is that a stay is warranted in this case brought pursuant to the Telephone Consumer Protection Act of 1991 ("TCPA").

The parties agree on the three factors to be considered when deciding whether to stay a case. (Mem. at 3; Opp. at 8.) In determining whether to grant a motion to stay, courts typically consider three factors: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and the court." *Conrad v. Boiron, Inc.*, No. 13 C 7903, 2014 WL 2937021, at *3 (N.D. Ill. June 30, 2014) (citations omitted). As ContextMedia showed in its opening brief, all three factors are met here. The Plaintiff's Opposition does not alter that. ContextMedia is not seeking an indefinite stay, and the Plaintiff's own statements about her allegations show the importance of a decision in the *Spokeo* case on her claims. A stay should be granted.

I.  **The Plaintiff Concedes That a Short Stay Will Work No Prejudice.**

The Plaintiff's Opposition confirms that there is no real dispute that a stay through mid-summer 2016 will not serve to prejudice the Plaintiff in any way. (Mem. at 4; Opp. at 9-10.) ContextMedia requested only that this Court stay this case pending the ruling in *Spokeo* with the genuine belief that that Supreme Court will issue its decision in *Spokeo* by the end of the current term, in June 2016. (*Id.*) There are no indications that the Supreme Court does not intend to issue a ruling on this or any other case scheduled for this term in light of the passing of Justice Antonin Scalia on February 13, 2016. In fact, the Supreme Court has issued six opinions and an original case decree since Justice Scalia's death, including two that were issued the day of the filing of this brief. (*See* http://www.supremecourt.gov/opinions/slipopinion/15.)

Rather than consider the actual duration of ContextMedia's requested stay, the Plaintiff instead tries to contort ContextMedia's request into a request for an indefinite stay. (Opp. at 10.) She cites to a single commentator's speculation on what the Supreme Court might do on certain unnamed pending cases. (*Id.*) The Plaintiff then compounds her speculation on the political process for Justice Scalia's replacement and argues that a stay could end up "well into 2017 or 2018." (*Id.*) She then uses this made-up duration to claim that the stay would somehow be indefinite and therefore *per se* prejudicial. (*Id.*)

The Plaintiff's theoretical exercise here falls fall short of showing any prejudice for one simple reason: ContextMedia never sought or requested a stay past a ruling on the *Spokeo* case during the 2015-2016 term. (Mem. at 4.) There is an easy solution to alleviate any of the hypothetical delays raised by the Plaintiff, one that has been used when imposing a stay pending the ruling in *Spokeo*: impose a stay pending the decision, or a date in July 2016, whichever is earlier. *See, e.g., Matera v. Google, Inc.*, No. 15-cv-60042, 2016 WL 454130, at *5 (N.D. Cal.

Feb. 5, 2016). That simple solution obviates any of the Plaintiff's purported concerns. As there is no dispute that a stay of no more than four months would not cause any prejudice here, the first requirement for a stay is easily met.

## II. A Stay Until the Supreme Court Rules in *Spokeo* Will Simplify the Issues in Question and Streamline the Trial, As Well as Reduce the Burden of Litigation on the Parties and the Court.

The remaining two factors, namely whether a stay will simplify the issues in question and streamline the trial as well as reduce the burden of litigation, also weigh in favor of a stay. The Plaintiff spends a considerable amount of time arguing about the adequacy of her allegations with respect to whether she alleged an "actual injury" under current case law that would allow her to bring this claim despite any ruling in *Spokeo*. (Opp. at 3-9.) At an appropriate time, ContextMedia will address the inadequacies in the Plaintiff's Complaint in full. For purposes of this Motion to Stay, the question is whether the potential effect of *Spokeo* in this particular case warrants a stay. And the Plaintiff's contentions support the imposition of a stay here.

### A. *Spokeo* Is Highly Likely to Have an Impact On the Question of Whether the Plaintiff Here Has Standing to Pursue A TCPA Claim.

The Supreme Court granted *certiorari* on the following question:

> Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute. (*See* Grant of Writ of Certiorari, Mem. Ex. A.)

The Plaintiff, taking a very limited view of what may result from *Spokeo*, asserts that she has suffered three categories of "actual injuries" that would justify standing even if a bare violation of the TCPA statute is not enough: (i) lost time; (ii) device storage; and (iii) invasion of privacy. (Opp. at 4-8.) But looking at her arguments in each of the three categories shows that awaiting the ruling in *Spokeo* is prudent.

> i. *The Plaintiff Admits that Her Alleged Invasion of Privacy is Premised on a Bare Violation of the TCPA.*

Taking the first alleged injury first, *Spokeo* almost certainly will have a direct impact on that claim for a purported "Invasion of Privacy. (Opp. at 7-8.) After first stating that "the TCPA created" a "substantive right to privacy," the Plaintiff then contends that "the receipt of unwanted calls made in violation of the TCPA violate a plaintiff's right to privacy and constitutes actual injury." (*Id.* at 7.) This is **exactly** the question raised in *Spokeo*: whether the bare violation of a statute constitutes an injury that is sufficient to confer standing. The Plaintiff's heavy reliance on *Schumacher v. Credit Protection Ass'n, Inc.*, No. 13-cv-00164, 2015 WL 5786139 (S.D. Ind. Sept. 30, 2015) only emphasizes this issue. *Schumacher* applies the notion that "an injury may exist by virtue of a violation of statutorily-created legal rights," which is the very idea being challenged in *Spokeo*. *Id.* at *4. While *Schumacher* is the only case cited in her direct argument about the alleged invasion of privacy injury, elsewhere the Plaintiff similarly claims that "current Seventh Circuit law" allows claims for "injuries in law" that "do not amount to actual injuries" – which (again) is precisely what has been raised in *Spokeo*. (Opp. at 9, citing *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618 (7th Cir. 2014).) She then goes even further, even acknowledging that "*Spokeo* may impact *Sterk*." (*Id.*)

By alleging that an alleged invasion of a statutorily-created right to privacy is itself the injury, the Plaintiff's own claims bring her case within the purview of the upcoming ruling in *Spokeo*. This allegation alone shows that staying the case pending *Spokeo* is likely to streamline this litigation, rather than engaging in briefing on this issue now.

Moreover, the scope of what the Supreme Court will deem a "bare violation" or what injury is necessary to confer standing will only be answered by its ruling. The Supreme Court has been presented with considerable argument on what constitutes a "concrete harm" or an

- 4 -

injury-in-fact sufficient to establish Article III standing, including discussion about the respondent's contention that he suffered anxiety over the purported violation. (*See e.g.,* Brief of Petitioner filed on July 2, 2015 at 11-32; Amicus Brief of Ebay, Inc. *et al* filed on July 9, 2015 at 12-27; Amicus Brief of Chamber of Commerce of the United States *et al* filed on July 9, 2015 at 8-26; Brief of Respondent filed on August 31, 2015 at 18-41 (attached hereto respectively as Exhibits A-D).) This allegation of anxiety in *Spokeo* seems very analogous to the Plaintiff's conclusory claims of "frustration" and "nuisance" that the Plaintiff mentions in the invasion of privacy section, an issue that will likely be subject to some analysis by the Supreme Court. (Opp. at 7.) The Supreme Court also has been presented with arguments relating to the corresponding relationship of these types of claims with class actions. (*See* Ex. A, Brief of Petitioner at 32-36; Ex. B, Amicus Brief of Ebay at 19-24; Ex. C, Amicus Brief of Chamber of Commerce at 12-26.)

The Supreme Court grants *certiorari* very, very rarely, and the question and issues presented must be of significant and grave import. The Supreme Court's ruling is quite likely to have an impact on the entire existing notion of what is an "actual injury" or "concrete harm" that is sufficient to confer Article III standing, in both an individual capacity and on behalf of a class. It is prudent to await that decision before engaging in extensive motion practice or discovery on this question of a supposed statutory injury for invasion of privacy.

      *ii.*      *Spokeo Could Very Likely Be Important to Analyze Properly the Novel Theories of Lost Time and Device Storage.*

With respect to the remaining two categories of alleged injuries, whether they constitute actual injuries under the TCPA that could give rise to standing is open to debate and is likely to be affected by any analysis in *Spokeo*. These final two categories of alleged actual injuries are "lost time" and "device storage." (Opp. at 4-7.) In neither category does the Plaintiff cite a

single case under the TCPA that applied these theories to TCPA claims based on the receipt of text messages.

For the lost time category, the Plaintiff cites only cases that involve voice telephone calls or faxes, or do not involve the TCPA at all. (Opp. at 4-5, citing *Leung v. XPO Logistics*, No. 15-cv-03877, 2015 WL 10433667, at *4 (N.D. Ill. Dec. 9, 2015) (finding on a motion to dismiss that the plaintiff adequately alleged lost time as a result of answering and tending to an unwanted phone call, very conspicuously not addressing in the lost time analysis an alleged text message); *Palm Beach Golf Club Ctr.-Boc, Inc. v. John D. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1251 (11th Cir. 2015) (discussing time that a fax machine was occupied); *Martin v. Leading Edge Recovery Solutions, LLC*, No. 11-cv-5586, 2012 WL 3292838, at *1 (N.D. Ill. Aug. 10, 2012) (discussing an alleged injury resulting from tending to voice calls); *Rex v. Chase Home Fin. LLC*, 905 F. Supp. 2d 1111 (C.D. Cal. 2012) (not addressing any TCPA claim, instead discussing claims relating to a short sale of a home).) In the device storage category, the Plaintiff fares even worse, not citing a single case whatsoever that involves the TCPA let alone one that involves text messages. (Opp. at 6-7, citing only *Halperin v. Int'l Web Servs., LLC*, 70 F. Supp. 3d 893 (N.D. Ill. 2014) (considering claims under the Computer Fraud and Abuse Act and wiretap provisions of the Electronic Communications Privacy Act with respect to malicious software on a computer).)

Given the Plaintiff's own failure to include any cases involving text messages, ContextMedia intends to contest that these final two categories suffice to show any injury. The Supreme Court has a case pending in front of that is the subject of extensive arguments about actual injuries, concrete harms, and injuries-in-fact. A decision in *Spokeo* could have a very real potential impact on whether these last two categories allege sufficient injuries to sustain a claim.

This is true either because these are novel theories in the context of text messages or because of any broader impact *Spokeo* has on the entire notion of Article III standing for statutory violations.

What will remain of the Plaintiff's claims after *Spokeo* remains to be seen. Whether the Plaintiff has adequately alleged actual damages under the TCPA (and whether doing so is necessary) very much remains an area of significant dispute that ContextMedia intends to address at an appropriate point in time in this litigation. That is best done with the expected guidance of the *Spokeo* decision.

B. <u>The Timing of this Case Shows that a Stay Is Particularly Reasonable.</u>

As a practical matter, without a stay, the potential for wasteful litigation here is significant. Each case, of course, has to be considered on its own individual allegations and status. There is no question that the *Spokeo* case has a high probability of having a significant effect on this case, including limiting the Plaintiff's claims and potentially limiting any class claims. It is very early in the litigation, with the Complaint just having been filed two weeks before this reply memorandum is due. Pursuant to the Court order issued on March 14, 2016, the Court will rule on this Motion to Stay on May 5, 2016. At that point, the Supreme Court may have already ruled in *Spokeo*, or (the Plaintiff's speculation notwithstanding) should be ruling within the next two months. The prudent and efficient course, that admittedly will not work prejudice on either party, is to await that ruling and assess its effect before proceeding. Otherwise, the Court is likely to be faced with unnecessary briefing, and the parties are likely to engage in inefficient motion practice and discovery.

In its initial Memorandum, ContextMedia raised concerns about the Plaintiff's intentions to impose costs and burdens on ContextMedia quickly as borne out by the filing of the

Complaint and her refusal to waive service and allow ContextMedia 60 days to file a responsive pleading. (Mem. at 8.) This concern is only further confirmed by the fact that ContextMedia filed its Motion to Stay on the afternoon of Friday, March 11, and the Plaintiff had filed her opposition by the early afternoon of the very next day, Saturday, March 12. Continuing to press this case in such a way, such as requiring conferences and disclosures pursuant to Federal Rules 16 and 26, is unduly burdensome in light of the impending *Spokeo* opinion. Not only could motion practice be affected by a decision in *Spokeo*, the scope of discovery could very likely be circumscribed, another reason that justifies a stay here.

### C. There Is No Trend Against Staying TCPA Cases Pending the Ruling in *Spokeo*.

As a final effort, the Plaintiff tries to assert a trend in the Seventh Circuit of refusing to stay cases pending *Spokeo*. (Opp. at 11-12.) To get to this purported "trend," the Plaintiff has had to include Fair Credit Reporting Act cases, not TCPA cases. (*Id.* at 11.) He admits that two out of five TCPA cases have been stayed in the District Courts within the Seventh Circuit. (*Id.*) And try as he might to distinguish it, the only one of these cases that considered the issue in significant detail was Judge St. Eve in *See Telephone Sci. Corp. v. Asset Recovery Solutions, LLC*, No. 15 C 5182, 2016 WL 47916 (N.D. Ill. Jan. 5, 2016), which ultimately granted the stay. Regardless of the limited number of cases that the Plaintiff would like this Court to consider, the number of courts that have stayed TCPA cases nationally pending the ruling in *Spokeo* is substantial, and the Plaintiff makes no effort to contest that nationally stays have been found to be appropriate or justified in TCPA cases pending the ruling in *Spokeo*. (Mem. at 6-7 and cases cited therein.) This is consistent with this Court's previous view that a stay is appropriate where there was even a "possib[ility] that the Supreme Court will reach the issue." *See, e.g., Fauley v. Royal Canin U.S.A., Inc.*, No. 1:15-cv-02170, 2015 WL 3622542 (N.D. Ill. May 22, 2015)

(Bucklo, J.) and with the most thorough case analyzing this issue in *Telephone Science*. The full body of case law certainly supports issuing a stay here, as many courts have recognized the potential importance of *Spokeo* on these claims. And as discussed in detail above, the specifics of this case make it one that is appropriate to stay.

## Conclusion

Given the potentially dispositive effect of *Spokeo* on this case, this case should be stayed until a point in time after *Spokeo* is decided, or until a date in July 2016 after the 2015-16 term of the Supreme Court ends, whichever is earlier, in order to streamline the issues and reduce the burdens on the Court and the parties. Such a stay will not work any prejudice on any party.

For all of the reasons stated above, in its initial briefing and any further argument to the Court, ContextMedia respectfully asks the Court to stay all proceedings in this case until the Supreme Court rules in *Spokeo*.

**Dated:** March 21, 2016

Respectfully submitted,

 /s/ Bevin M. Brennan

Kevin D. Finger (#6216060)
Bevin Brennan (#6271982)
Olesya A. Salnikova (#6313887)
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601

*Counsel for Defendant ContextMedia, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on March 21, 2016, I filed the foregoing **Reply Memorandum in Support of Defendant ContextMedia, Inc.'s Motion to Stay** through the Court's electronic filing system and thereby served counsel of record as follows:

    Jeremy M. Glapion
    THE GLAPION LAW FIRM, LLC
    1704 Maxwell Drive
    Wall, New Jersey 07719
    Tel: 732.455.9737
    Fax: 732.709.5150
    jmg@glapionlaw.com

                                                                  By: /s/ Bevin M. Brennan_____
                                                                       Bevin M. Brennan
                                                                       Attorney for ContextMedia, Inc.