```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

| | |
|---|---|
| Christy Griffith, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 2900 |
| | ) |
| ContextMedia, Inc. | ) |
| | ) |
| Defendant. | ) |

<u>MEMORANDUM OPINION ORDER</u>

In this action, plaintiff alleges that defendant violated the Telephone Consumer Protection Act ("TCPA") by sending unwanted automated text messages to her and to a class of similarly situated individuals. Before me is defendant's motion to dismiss for lack of standing, and, in the alternative, to dismiss plaintiff's claims for attorneys' fees and for injunctive relief.

The motion to dismiss for lack of standing is denied. Defendant insists that "[t]he failure of Congress to consider unwanted text messages dooms Plaintiff's claim that receipt of unwanted text messages is the type of intangible harm that Congress elevated to a concrete harm," citing congressional records from 1991. But as defendant acknowledges, text messaging did not even exist until 1992. Moreover, the legislative history indicates that Congress sought to protect the "freedom [of

consumers] to choose how their telephones are used," 137 Cong. Rec. S18317-01, 1991 WL 250460 (Senator Pressler), and unwanted text messages are no less an encroachment on that freedom than unwanted phone calls. Defendant's argument that unsolicited phone calls are unique in this respect is unpersuasive.

Plaintiff alleges that on at least November 29, December 23, December 24, December 27, December 28, December 29, January 1, January 2, January 3, January 5, January 23 (multiple times), February 4 and February 5, she replied "STOP" in an effort to revoke her consent to receive defendants' automated text messages. Plaintiff's anger and frustration over the futility of her efforts is apparent, *see e.g.*, ¶ 29 (alleging that her response in one instance was, "STOP STOP STOP FOR THE LOVE OF GOD STOP"), and will be readily appreciated by any consumer who has ever received such messages. Plaintiff plainly alleges an inability to "choose how [her] telephone [was] used," which falls squarely within the type of harm Congress sought to prevent in enacting the TCPA. Accordingly, the fact that Congress did not explicitly address text messages in considering the TCPA is not fatal to plaintiff's standing.

The complaint also alleges that plaintiff "lost time reading, tending to and responding to" the unsolicited communications, and that the texts invaded her privacy. Courts in this district have held, both before and after the Court's decision in *Spokeo, Inc.*

2

*v. Robins*, 136 S. Ct. 1540 (2016), that loss of time and privacy are concrete injuries for the purpose of conferring Article III standing. *See, e.g., Aranda v. Caribbean Cruise Line, Inc.*,---F. Supp. 3---, 2016 WL 4439935 (Kennelly, J.); *Leung v. XPO Logistics*, 164 F. Supp. 3d 1032, 1037 (N.D. Ill. 2015); and *Martin v. Leading Edge Recovery Solutions*, No. 11 C 5886, 2012 WL 3292838, at *3 (N.D. Ill. Aug. 10, 2012) (Lefkow, J.). Furthermore, courts in other jurisdictions have held that claims alleging the receipt of unwanted text messages state an injury-in-fact under the TCPA. *See, e.g., Meyer v. Bebe Stores, Inc.*, No. 14-cv-00267, 2015 WL 431148, at *2 (N.D. Ca. Feb. 2, 2015) (citing *Smith v. Microsoft Corp.*, No. 11-CV-1958, 2012 WL 2975712, at *6 (S.D. Cal. July 20, 2012) ("by alleging he received a text message in violation of the TCPA, [plaintiff] has established a particularized injury in satisfaction of Article III premised on the invasion of his privacy, even absent any economic harm")).

Nothing in *Spokeo* is to the contrary. There, the Court reiterated the established principle that a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III" and emphasized that standing requires both a "particularized" and a "concrete" injury. 136 S.Ct. at 1548-49. The Court went on to examine the contours of the latter requirement and explained that while allegations of a tangible harm are generally sufficient to

3

state a concrete injury, "concrete" is not synonymous with "tangible," and "intangible injuries can nevertheless be concrete." *Id*. at 1549 (citing cases).

In two thorough and well-reasoned post-*Spokeo* decisions upholding the plaintiffs' assertion of standing in a TCPA action, Judge Kennelly explained that section 227 of the TCPA "establishes substantive, not procedural rights to be free from telemarketing calls consumers have not consented to receive." *Aranda*, 2016 WL 4439935, at *6 (denying motion for summary judgment for lack of standing); *A.D. v. Credit One Bank, N.A.*, No. 14 C 10106, 2016 WL 4417077, at *5-*6 (N.D. Ill. Aug 19, 2016) (Kennelly, J.) (denying motion to dismiss for lack of standing). Mindful of the *Spokeo* Court's observation that in conducting the standing inquiry, "it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American Courts," 138 F.3d at 1549, Judge Kennelly explained that the plaintiffs' standing was supported by the fact that "American and English courts have long heard cases in which plaintiffs alleged that defendants affirmatively directed their conduct at plaintiffs to invade their privacy and disturb their solitude." 2016 WL 4439935, at *6; 2016 WL 4417077 at *7.  Judge Kennelly also observed that Congress "enacted the TCPA to protect consumers from the annoyance, irritation, and unwanted nuisance of telemarketing

4

phone calls, granting protection to consumers' identifiable concrete interests in preserving their rights to privacy and seclusion." 2016 WL 4439935, at *6; 2016 WL 4417077 at *7.

I agree with Judge Kennelly's analysis and join the courts in this district and elsewhere to have concluded that plaintiffs alleging the receipt of specific, unsolicited telephone communications, whether by voice or text message, have Article III standing to pursue TCPA claims based on lost time and invasion of privacy.

In the alternative to dismissal for lack of standing, defendant seeks dismissal of plaintiff's claims for attorneys' fees and injunctive relief. This alternative request is granted as to the claim for attorneys' fees and denied as to the claim for injunctive relief. Plaintiff acknowledges that the TCPA does not authorize attorneys' fees but argues that because she purports to represent a class, her claim for attorneys' fees under the "common fund" doctrine is appropriate under *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). But in *Holtzman v. Turza*, 828 F.3d 606, 608 (7th Cir. 2016), the Seventh Circuit squarely rejected a TCPA class plaintiff's request for attorneys' fees under *Boeing*, explaining that because "suits under the Telephone Consumer Protection Act seek recovery for discrete wrongs to the recipients," they do not create common funds. This holding reiterated the conclusion the court had drawn three years earlier

5

in the same case. *Holtzman v. Turza*, 728 F.3d 682, 688 (7th Cir. 2013) ("Some class actions stem from aggregate and undifferentiated injuries; these create genuine common funds. But this action stems from discrete injuries suffered by each recipient of the faxes; it does not create a common fund."). Plaintiff does not offer any basis for believing that the Seventh Circuit would hold differently in this case.

I am not persuaded, however, that dismissal of plaintiff's claim for injunctive relief is appropriate at this juncture. As plaintiff points out, the TCPA expressly authorizes injunctive relief, and plaintiff's allegations—particularly those directed to her months-long efforts to stop defendants' unwanted texts—are sufficient to entitle her to develop the factual record as to whether injunctive relief is appropriate.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: October 19, 2016

6