IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTY GRIFFITH, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CONTEXTMEDIA, INC. and DOES 1-25,<br><br>    Defendants. | Case No. 16-cv-2900<br><br>Hon. Elaine S. Bucklo<br><br>Magistrate Judge<br>Mary M. Rowland |

**DEFENDANT CONTEXTMEDIA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

**INTRODUCTION**

1. Plaintiff Christy Griffith ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from Defendant ContextMedia, Inc.'s ("ContextMedia" or "Defendant") practice of sending autodialed text messages to cellular telephones without consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA").

**ANSWER:** Paragraph 1 is a summary of allegations and conclusions of law to which no response is required. To the extent a response is required, ContextMedia states that it denies the factual allegations in this paragraph and denies that Ms. Griffith or any other potential class member is entitled to any relief.

2. The TCPA is a codification of a type of invasion of privacy. As Congress wrote in the Congressional findings in the TCPA, "[e]vidence compiled by the Congress indicates that ... telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." 47 U.S.C. 227, Congressional Findings ¶ 10.

**ANSWER:** Paragraph 2 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia states that the full Congressional findings are a matter of public record and denies any allegations inconsistent with those findings.

3. In or about July 2015, Plaintiff subscribed to Defendant's "CMH Nutrition Tips" service, through which Defendant would send to Plaintiff's cellular telephone an automated text message containing a nutrition tip each day.

**ANSWER:** ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 3 and therefore denies the same and demands strict proof thereof.

4. On or before November 29, 2015, Plaintiff replied "STOP" to one of these text messages, which was the method stated in text message for opting out of further text messages.

**ANSWER:** ContextMedia admits that a person using the phone number claimed by the Plaintiff replied "STOP" to messages sent from short code 21831 on November 29, 2015. ContextMedia is without sufficient information to admit or deny the remaining allegations in Paragraph 4 and therefore denies the same and demands strict proof thereof.

5. Since that date, and despite no less than 25 attempts to opt out of the text messages using "STOP," variations on the word "STOP," and some particularly clever "STOP" puns, the text messages have continued on a near-daily basis.

**ANSWER:** ContextMedia admits that a person using the phone number claimed by the Plaintiff replied "STOP" and other phrases including the word "STOP" to messages sent from short code 21831 on various dates. Further answering, ContextMedia denies that any text messages have continued on a near-daily basis, as the entire program has been terminated.

6. While Plaintiff had initially consented to receipt of these messages, she subsequently revoked her consent using the method Defendant provided to opt out.

**ANSWER:** Paragraph 6 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 6 and therefore denies the same and demands strict proof thereof.

7. Under the TCPA, consumers are permitted to revoke prior express consent to receive text messages. *See, e.g. SoundBite Communications, Inc.*, 27 FCC Rcd. 15391 (Nov. 26, 2012) (confirming that an entity may only send an opt-out confirmation text after the consumer has revoked his or her consent to receive further text messages); *Gonnella v. Delbert Servs. Corp.*, Case No. 14-cv-4921, 2015 U.S. Dist. LEXIS 34465, *9-11 (N.D. Ill. Mar. 19, 2015).

**ANSWER:** Paragraph 7 is a legal conclusion to which no response is required.

8. Accordingly, Defendant's post-"stop" text messages were sent without prior express consent, and thus violated the TCPA.

**ANSWER:** Paragraph 8 contains a legal conclusion to which no response is required. To the extent a response is required, ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 8 and therefore denies the same and demands strict proof thereof.

9. Upon information and belief, Defendant has made and continues to send similar text messages to cellular telephones nationwide after the recipients have replied "STOP" to one of Defendant's messages.

**ANSWER:** ContextMedia denies the allegations in Paragraph 9, as it has ceased any text messaging service since before the filing of the initial Complaint.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because it resides in this district.

**ANSWER:** ContextMedia denies that this Court has subject matter jurisdiction over this matter, and hereby preserves the issues raised in its Motion to Dismiss on this question for appeal. ContextMedia admits that this Court has personal jurisdiction over it but not because it "resides in this district." As a corporation, ContextMedia does not have a residence. ContextMedia is incorporated in Illinois and has its principal place of business in this District. ContextMedia denies that it has a residence.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is also proper because Defendant resides in this district.

**ANSWER:** ContextMedia admits that venue is proper in this District, but, as stated above, not because it, a corporation, "resides in this district." ContextMedia denies that it has a residence.

## PARTIES

12. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of North Carolina.

**ANSWER:** ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 12 and therefore denies the same and demands strict proof thereof.

13. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

**ANSWER:** ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 13 and therefore denies the same and demands strict proof thereof.

14. Defendant ContextMedia, Inc. is and at all times mentioned herein was, a corporation duly organized under the laws of the State of Illinois with its headquarters in Chicago, Illinois.

**ANSWER:** ContextMedia admits the allegations in Paragraph 14.

15. Defendant ContextMedia, Inc. is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

**ANSWER:** Paragraph 15 is a legal conclusion to which no response is required. To the extent a response is required, 47 U.S.C. § 153(10) addresses "chain broadcasting," which has no application to ContextMedia and therefore ContextMedia denies the allegations in Paragraph 15.

16. Does 1-25 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

**ANSWER:** Paragraph 16 is a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

17. In approximately July 2015, Plaintiff, upon prompting from a program playing in the waiting room of a doctor's office, opted in to receiving autodialed text messages containing nutrition tips from Defendant's SMS "Short Code"[1] number 50101 to her cellular telephone number 919-###-9578.

---

[1] A "short code" is essentially a shortened telephone number, primarily used for sending and receiving SMS and MMS messages. Short codes are often, if not exclusively, used with automated messaging.

**ANSWER:** ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 17 and therefore denies the same and demands strict proof thereof.

18. At the time, Defendant used short code 50101 in conjunction with its brand "Diabetes Health Network."

**ANSWER:** ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 18, and therefore denies the same. Its investigation continues.

19. Immediately after opting in, Plaintiff began receiving text messages from Defendant's Short Code number 50101 in the following form:

> CMH TIPS: Eat a healthy breakfast, and smaller meals throughout the day. This will help keep your energy up and your metabolism going.
>
> * * *
>
> CMH TIPS: Plate your food! When you portion food onto a plate & put the bag away before eating, it is much easier not to overeat.

**ANSWER:** ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 19 and therefore denies the same. Its investigation continues.

20. None of the text messages from 50101 contained any instructions on how to stop the texts.

**ANSWER:** ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 20 and therefore denies the same. Its investigation continues.

21. At some point in or about August 2015, the text messages from 50101 ceased, but Plaintiff immediately began receiving text messages identical in form and substantially similar in content from SMS Short Code 21831.

**ANSWER:** ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 21 and therefore denies the same and demands strict proof thereof. Its investigation continues.

22. These text messages included, for example:

> CMH TIPS: Did you know that mushrooms are the only source of vitamin D in the produce aisle?

\* \* \*

> CMH TIPS: Is it hunger? If you are craving a chocolate bar and a healthier snack does not appeal, you are probably not truly hungry.

**ANSWER:** ContextMedia admits that the Nutrition Tips from the now-defunct program included the language cited in Paragraph 22.

23. While most of these initial text messages did not contain any instructions on how to opt out, eventually the content of the message changed slightly to the following form:

> CMH TIPS: If you live in a cold climate, still exercise! Walk around the mall or workout in your living room to get your heart pumping. To opt-out, reply STOP

\* \* \*

> CMH TIPS: Try swapping potatoes for cauliflower for a low-carb meal. Mash them, broil them, or make a cauliflower "potato" salad. To opt-out, reply STOP

**ANSWER:** ContextMedia admits that the Nutrition Tips from the now-defunct program included the language cited in Paragraph 23. ContextMedia is without sufficient information to admit or deny the remaining allegations in Paragraph 23 and therefore denies the same and demands strict proof thereof. Its investigation continues.

24. No longer wishing to receive these texts, Plaintiff replied "STOP" on multiple occasions, but the texts did not stop.

**ANSWER:** ContextMedia admits that a person using the phone number claimed by the Plaintiff replied "STOP" to messages sent from short code 21831 on numerous occasions.

25. For example, in 2015, on November 29, December 23, December 24, December 27, December 28, December 29, among other dates, Plaintiff replied "STOP" in response to Defendant's messages, but the messages continued.

**ANSWER:** ContextMedia admits that a person using the phone number claimed by the Plaintiff replied "STOP" to messages sent from short code 21831 on November 29, December 23, December 24, December 27, December 28, and December 29, 2015.

26. In 2016, Plaintiff replied "STOP" on January 1, January 2, January 3, January 5, January 23 (five times), February 4, and February 5.

**ANSWER:** ContextMedia admits that a person using the phone number claimed by the Plaintiff replied "STOP" to messages sent from short code 21831 on January 1, January 2, January 3, January 5, January 23, February 4, and February 5, 2016.

27. In an attempt to keep in good humor over these texts, Plaintiff also texted responses such as "If you don't STOP, the terrorists win" (January 13), and, in response to a text beginning "CMH TIPS: Love Lattes?", Plaintiff wrote "I'd love it a latte if you'd STOP."

**ANSWER:** ContextMedia admits that a person using the phone number claimed by the Plaintiff replied with "If you don't STOP, the terrorists win" on January 13 and with "I'd love it a latte if you'd STOP" on another date.

28. On February 16, Plaintiff wrote: "For the record, I am opting out every time I reply stop."

**ANSWER:** ContextMedia admits that a person using the phone number claimed by the Plaintiff wrote, "For the record, I am opting out every time I reply stop," on February 16, 2016.

29. There are multiple other instances as well, including some demonstrating Plaintiff's growing annoyance and frustration with these messages, such as "STOP STOP STOP FOR THE LOVE OF GOD STOP" (January 10).

**ANSWER:** ContextMedia admits that a person using the phone number claimed by the Plaintiff wrote as "STOP STOP STOP FOR THE LOVE OF GOD STOP" on January 10, 2016. ContextMedia is without sufficient information to admit or deny the remaining allegations in Paragraph 29 and therefore denies the same and demands strict proof thereof.

30. Defendant did not respond to any of these opt-out requests, except to send more of the very texts Plaintiff attempted to stop.

**ANSWER:** ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 29 and therefore denies the same and demands strict proof thereof. Further answering, ContextMedia denies that it did not respond to any request by the Plaintiff, as

it immediately ceased the entire program before the filing of the Complaint in this case. Any text messages sent to Plaintiff therefore stopped prior to the filing of the Complaint in response to her request. Its investigation continues.

31. Plaintiff estimates that she received at least 80 text messages from Defendant after the first time she asked Defendant to "STOP."

**ANSWER:** ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 31 and therefore denies the same and demands strict proof thereof. Its investigation continues.

32. These text messages were all sent using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders.

**ANSWER:** Paragraph 32 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies the allegations in Paragraph 32.

33. That the text messages were sent using an automatic telephone dialing system is evidenced by, *inter alia*:

   a. The frequency, persistence, and regularity of the messages;

   b. The near-identical form and substantially similar content of the messages;

   c. The fact that the messages came from a "short code," which, upon information and belief, cannot be assigned to a standard telephone;

   d. The traditional and near-exclusive use of "short codes" to send automated messages;

   e. The lack of any response (other than continued "CMH TIPS" messages) in response to Plaintiff's "STOP" requests;

   f. The lack of any human response to Plaintiff's "STOP" requests;

   g. The purportedly automated "opt out" process meant to be triggered by the word "STOP";

   h. The opt-in process, which began the text messages automatically in response to a consumer's request.

**ANSWER:** Paragraph 33 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies the allegations in Paragraph 33.

34. Text messages are considered "calls" under the TCPA. *See, e.g.* 2003 FCC Order, 18 FCC Rcd. 14014, ¶ 165; *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1003 (N.D. Ill. 2010).

**ANSWER:** Paragraph 34 is a legal conclusion to which no response is required.

35. While Defendant initially had consent to send the "CMH TIPS" text messages to Plaintiff's cellular telephone, Plaintiff revoked this consent on numerous occasions.

**ANSWER:** Paragraph 35 is a legal conclusion to which no response is required.

36. It has long been held that a consumer can revoke his or her consent to receive text messages - especially if the opt-out is done in writing such as through a responsive text message. *See, e.g. SoundBite Communications, Inc.*, 27 FCC Rcd. 15391 (Nov. 26, 2012) (confirming that an entity may only send an opt-out confirmation text after the consumer has revoked his or her consent to receive further text messages); *Gonnella v. Delbert Servs. Corp.*, Case No. 14-cv-4921, 2015 U.S. Dist. LEXIS 34465, *9-11 (N.D. Ill. Mar. 19, 2015).

**ANSWER:** Paragraph 36 is a legal conclusion to which no response is required.

37. Accordingly, as of no later than November 29, 2015, Defendant did not have consent to send automated text messages to Plaintiff's cellular telephone.

**ANSWER:** Paragraph 37 is a legal conclusion to which no response is required.

38. Nonetheless, Defendant continued to send automated text messages to Plaintiff's cellular telephone.

**ANSWER:** ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 38 and therefore denies the same and demands strict proof thereof. Its investigation continues.

39. The text messages were not sent for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

**ANSWER:** Paragraph 39 is a legal conclusion to which no response is required.

40. Accordingly, Defendant ContextMedia's text messages to Plaintiff after Plaintiff sent a "STOP" text message violated the TCPA.

**ANSWER:** Paragraph 40 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies the allegations in Paragraph 40.

41. Plaintiff has suffered injury-in-fact as a result of Defendant's telephone calls, including, but not limited to:

    a. Device storage. Text messages necessarily take up storage space on cellular telephones and because Defendant's text messages did so without prior express consent, they constitute concrete injury;

    b. Lost time reading, tending to and responding to the unsolicited texts, and deleting the unwanted texts. The time spent reading, addressing, and deleting unsolicited text messages is concrete injury;

    c. Invasion of Privacy. Defendant's continued contact after asking Defendant to stop contact is both a nuisance and an invasion of Plaintiff's privacy, and constitutes concrete injury. This can be seen, for example, in Plaintiff's frustrated January 10, 2016 text message.

**ANSWER:** Paragraph 41 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies the allegations in Paragraph 41.

42. These injuries are both particularized (in that they each affect plaintiff in a personal and individual way) and concrete (in that the above harm actually exists).

**ANSWER:** Paragraph 42 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies the allegations in Paragraph 42.

43. Upon information and belief, Defendant ContextMedia has sent similar messages to individuals' cellular telephones nationwide after receiving a "STOP" request.

**ANSWER:** ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 43 and therefore denies the same and demands strict proof thereof. Its investigation continues.

44. Plaintiff and the Class members are entitled to at least $500 per text message after sending a "STOP" message.

**ANSWER:** Paragraph 44 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies the allegations in Paragraph 44.

45. Plaintiff and the Class members are entitled to $1,500 per text message after sending a "STOP" message if Defendant's behavior was willful or knowing.

**ANSWER:** Paragraph 45 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies the allegations in Paragraph 45.

### CLASS ACTION ALLEGATIONS

46. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class defined as:

> Plaintiff and all persons within the United States to whose cellular telephone number Defendant ContextMedia, Inc. sent, in the past four years, a text message, other than an opt-out confirmation text message, using an automatic telephone dialing system, after Defendant's records, or the records of any entity with whom Defendant contracted to provide text messaging services, indicate Defendant or that entity received a text message containing the word "STOP" from that cellular telephone number.
>
> ("Class")

**ANSWER:** Paragraph 46 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies that any class can be certified in this case or that the proposed class definition is proper.

47. Excluded from this class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

**ANSWER:** Paragraph 47 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies that any class can be certified in this case or that the proposed class definition is proper.

48. The Class members for whose benefit this action are brought are so numerous that joinder of all members is impracticable.

**ANSWER:** Paragraph 48 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies that any class can be certified in this case or that any members of this class could not prosecute claims individually.

49. The exact number and identities of the persons who fit within the class are ascertainable in that Defendant ContextMedia maintains written and electronically stored data showing:

    i. The time period(s) during which Defendant ContextMedia sent its text messages;

    ii. The telephone numbers to which Defendant ContextMedia sent its text messages;

    iii. The telephone numbers which sent a "STOP" text message to Defendant;

    iv. The telephone numbers to which a text message was sent after Defendant received a "STOP" text message from that telephone number sending a "STOP" text message.

**ANSWER:** Paragraph 49 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies that any class can be certified in this case.

50. The Class is comprised of hundreds, if not thousands, of individuals nationwide.

**ANSWER:** Paragraph 50 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies that any class can be certified in this case.

51. There are common questions of law and fact affecting the rights of the Class members, including, *inter alia*, the following:

    i. Whether Defendant ContextMedia used an automatic dialing system in placing its calls;

    ii. Whether Defendant ContextMedia took adequate steps to acquire and/or track consent;

    iii. Whether and to what extent Defendant ContextMedia honored "STOP" requests from text message recipients;

    iv. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

      v.   Whether Defendant should be enjoined from engaging in such conduct in the future.

**ANSWER:** Paragraph 51 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies that any class can be certified in this case or that any of these proposed questions are proper questions for which a class can be certified.

52.    Plaintiff is a member of the Class in that she received text messages from Defendant ContextMedia after she sent the text "STOP."

**ANSWER:** Paragraph 52 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies that any class can be certified in this case. To the extent that this paragraph contains factual allegations about the Plaintiff individually, ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 52 and therefore denies the same and demands strict proof thereof.

53.    The claims of Plaintiff are typical of the Class members in that they arise from Defendant's uniform conduct and are based on the same legal theories of all Class members.

**ANSWER:** Paragraph 53 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies that any class can be certified in this case. To the extent that this paragraph contains factual allegations about the Plaintiff individually, ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 53 and therefore denies the same and demands strict proof thereof

54.    Plaintiff and all putative Class members have also necessarily suffered concrete injury, as, by virtue of the class definition being restricted to those who received text messages after asking Defendant to "stop," all Class members spent time tending to Defendant's unwanted text messages, lost storage space as a result of Defendant's text messages, and suffered both a nuisance and invasion of privacy.

**ANSWER:** Paragraph 54 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies that any class can be certified in this case and denies that this case involves any alleged concrete and/or particularized injury.

55. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

**ANSWER:** Paragraph 55 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies that any class can be certified in this case. To the extent that this paragraph contains factual allegations about the Plaintiff individually, ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 55 and therefore denies the same and demands strict proof thereof.

56. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent himself and the Class.

**ANSWER:** Paragraph 56 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies that any class can be certified in this case. To the extent that this paragraph contains factual allegations about the Plaintiff individually, ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 56 and therefore denies the same and demands strict proof thereof.

57. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class as a whole.

**ANSWER:** Paragraph 57 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies that any class can be certified in this case or that injunctive or declaratory relief is appropriate her either for an individual or a class.

58. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

**ANSWER:** Paragraph 58 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies the allegations in this paragraph, denies that any class can be certified in this case and denies that any members of this class could not prosecute claims individually.

59. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

**ANSWER:** Paragraph 59 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies the allegations in this paragraph, denies that any class can be certified in this case and denies that any members of this class could not prosecute claims individually.

60. Common questions will predominate, and there will be no unusual manageability issues.

**ANSWER:** Paragraph 60 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies that any class can be certified in this case, that common questions predominate or that there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
(On Behalf of Plaintiff and the Class)

61. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:** ContextMedia incorporates its answers to each Paragraph as if fully set forth herein.

62. Defendant ContextMedia sent text messages to the cellular telephone numbers belonging to Plaintiff and the other members of the Class.

**ANSWER:** ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 62 and therefore denies the same and demands strict proof thereof. ContextMedia denies that there can be any members of any class.

63. These text messages were sent after Plaintiff and Class members sought to opt out of further text messages by sending a "STOP" text message.

**ANSWER:** ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 63 and therefore denies the same and demands strict proof thereof. ContextMedia denies that there can be any members of any class. Its investigation continues.

64. These text messages were all sent using equipment that had the capacity to store telephone numbers to be called or messaged, using a random or sequential number generator, and/or without human intervention.

**ANSWER:** Paragraph 64 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies any use of an ATDS.

65. The post-STOP text messages were all sent without the prior express consent of Plaintiff and the other members of the putative Class.

**ANSWER:** ContextMedia is without sufficient information to admit or deny the allegations in Paragraph 65 and therefore denies the same and demands strict proof thereof. ContextMedia denies that there can be any members of a class.

66. Defendant ContextMedia has therefore violated 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:** Paragraph 66 is a legal conclusion to which no response is required. To the extent a response is required, ContextMedia denies the allegations in Paragraph 66.

67. As a result of Defendant's unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation.

**ANSWER:** Paragraph 67 is a legal conclusion to which no response is required. Further answering, to the extent a response is required, ContextMedia denies the allegations in Paragraph 67 and that the Plaintiff or any putative class is entitled to any relief.

68. Should the Court determine that Defendant's conduct was willful and/or knowing, Plaintiff and each member of the class are entitled to treble damages in the amount of $1,500 per call, pursuant to 47 U.S.C. § 227(b)(3).

**ANSWER:** Paragraph 68 is a legal conclusion to which no response is required. Further answering, to the extent a response is required, ContextMedia denies the allegations in Paragraph 68 and that the Plaintiff or any putative class is entitled to any relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Christy Griffith, individually and on behalf of the Class, prays for the following relief:

A.  An order certifying the Class as defined above, appointing Plaintiff Christy Griffith as the representative of the Class, and appointing her counsel as Class Counsel;

B.  An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227;

C.  An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D.  An award of actual and statutory damages;

E.  An award of reasonable attorneys' fees and costs; and

F.  Such other and further relief that the Court deems reasonable and just.

**ANSWER:** ContextMedia denies that the Plaintiff or any putative class is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

ContextMedia reserves the right to further amend its answer and affirmative and other defenses and raise any additional defenses, counterclaims, cross-claims and third-party claims not asserted herein if and when they become appropriate and during the course of discovery in accordance with the requirements of Federal Rule of Civil Procedure 15.

## FIRST DEFENSE

The First Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Plaintiff lacks standing to bring the claims alleged for the reasons stated in ContextMedia's Motion to Dismiss.[2]

## THIRD DEFENSE

The Plaintiff's claims are barred pursuant to 47 U.S.C. § 227(c)(5)(C) and 47 C.F.R. §§ 64.1200(c)(2)(i), regarding ContextMedia's reasonable practices and procedures to comply with the TCPA.

## FOURTH DEFENSE

The Plaintiff and her claims do not satisfy the requirements necessary to sustain her claim as a class action pursuant to Federal Rule of Civil Procedure 23 for the reasons stated in ContextMedia's Opposition to Plaintiff's Motion for Class Certification and additional reasons to be determined during discovery.

## FIFTH DEFENSE

The Plaintiff has not suffered any actual, concrete and particularized injury, as discussed in ContextMedia's Motion to Dismiss.

## SIXTH DEFENSE

The claims of Plaintiff and/or any proposed class are barred by issues of consent, to be determined during the course of discovery.

## SEVENTH DEFENSE

ContextMedia is not be liable for any text messages sent without its authorization.

WHEREFORE, ContextMedia respectfully requests that judgment be entered in its favor as follows:

---

[2] ContextMedia understands the Court's ruling on its Motion to Dismiss, dated October 19, 2016. ContextMedia includes this defense here to ensure that the issue is preserved for appellate purposes.

      A.      Dismissing with prejudice Plaintiff's First Amended Complaint in its entirety and on the merits;

      B.      Awarding ContextMedia its costs of defending this action; and

      C.      Awarding to ContextMedia such other and further relief as this Court may deem just and proper.

**Dated**: November 2, 2016

/s/ *Bevin Brennan*
Bevin Brennan (#6271982)
Kevin D. Finger (#6216060)
Olesya A. Salnikova (#6313887)
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
*Counsel for Defendant ContextMedia, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2016, I filed the foregoing ***Defendant ContextMedia, Inc.'s Answer and Affirmative Defenses to the Plaintiff's First Amended Class Action Complaint*** through the Court's electronic filing system and thereby served counsel of record as follows:

>Jeremy M. Glapion
>THE GLAPION LAW FIRM, LLC
>1704 Maxwell Drive
>Wall, New Jersey 07719
>Tel: 732.455.9737
>Fax: 732.709.5150
>jmg@glapionlaw.com

>*/s/ Bevin Brennan*_____