UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTY GRIFFITH**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CONTEXTMEDIA, INC.,**<br><br>Defendant. | Civil Case No.: 16-2900<br><br>District Judge: Hon. Elaine S. Bucklo<br>Magistrate Judge: Hon. Mary M. Rowland |

**PLAINTIFF CHRISTY GRIFFITH'S MOTION TO FILE THIRD AMENDED COMPLAINT**

Plaintiff Christy Griffith ("Plaintiff") hereby moves to for leave to file a Third Amended Complaint, attached hereto, for the sole purpose of updating the class definition therein to match the definition of the class for which Plaintiff seeks certification. In support of this Motion, Plaintiff states as follows:

1. Plaintiff filed the instant lawsuit on March 7, 2016, followed by an Amended Complaint on June 9, 2016, and a Second Amended Complaint on July 26, 2017. The only change from the first amended complaint to the second amended complaint was to correct the name of Defendant.

2. On August 10, 2017, Plaintiff Griffith filed her Motion for Class Certification. (Dkts. 60-62.)

3. On September 29, 2017, Defendant filed an opposition to Plaintiff's Motion. (Dkt. 76.)

4. In its opposition, Defendant argued, in part, that the definition of the class Plaintiff sought to certify differs from the definition of the class found in the complaint.

5. It remains an open question in the Seventh Circuit whether a plaintiff can modify her class definition in a motion for class certification from what it is in the operative complaint. *See Jamison*

*v. First Credit Servs.*, 290 F.R.D. 92, 103 (N.D. Ill. 2013) ("The Seventh Circuit has not addressed the scope of the Court's discretion to modify a class definition at the certification stage. District Courts appear to be split on whether to hold a plaintiff to the class defined in the complaint.")

6. However, even those courts that only consider the definition in the complaint freely grant leave to amend both the definition and the complaint. *See, e.g.*, *Heastie v. Community Bank of Greater Peoria*, 125 F.R.D. 669, 672 n.3 (N.D. Ill. 1989); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 09-cv-5601, 2011 U.S. Dist. LEXIS 113609, *5-6 (N.D. Ill. 2011); *Chapman v. Wagener Equities*, Case No. 09-cv-07299, 2012 U.S. Dist. LEXIS 176857, *9-16 (N.D. Ill. Dec. 13, 2012)

7. This includes allowing amendments sought simultaneously with the motion for class certification. *See Chapman*, 2012 U.S. Dist. LEXIS 176857 at *1-3.

8. Accordingly, for purposes of judicial economy and to avoid unnecessary delay, Plaintiff hereby seeks leave to file a Third Amended Complaint. The only change from the Second Amended Complaint to the proposed Third Amended Complaint is to the class definition therein.

9. Plaintiff first sought Defendant's consent to this Motion on October 2. Plaintiff followed up on October 4 and again October 10. Defendant responded to Plaintiff's inquiries, but was unable to provide an answer either way on whether it would consent to this amendment.

Date: October 13, 2017     */s/ Jeremy M. Glapion*_____
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com

1

## CERTIFICATE OF SERVICE

  I hereby certify that on October 13, 2017, I filed the foregoing Motion through the Court's electronic filing system and thereby served all filing users, including Defendant's counsel of record.

| | |
|---|---|
| Date: October 13, 2017 | */s/ Jeremy M. Glapion*_____ <br> Jeremy M. Glapion <br> **THE GLAPION LAW FIRM, LLC** <br> 1704 Maxwell Drive <br> Wall, New Jersey 07719 <br> Tel: 732.455.9737 <br> Fax: 732.709.5150 <br> jmg@glapionlaw.com |