**IN THE UNITED STATE DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHRISTY GRIFFITH, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ContextMedia Health, LLC *doing business as* Outcome Health,<br><br>    Defendant. | Case No. 16-cv-2900<br><br>Hon. Elaine S. Bucklo<br><br>Magistrate Judge Mary M. Rowland |

**DEFENDANT CONTEXTMEDIA, INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF CHRISTY GRIFFITH'S
MOTION TO FILE THIRD AMENDED COMPLAINT**

Defendant ContextMedia, Inc. ("Outcome Health") opposes Plaintiff's Motion to File Third Amended Complaint (the "Motion") for the following reasons:

1. This lawsuit was filed on March 7, 2016. Plaintiff has already amended her complaint twice, on June 9, 2016 and July 26, 2017.

2. Plaintiff filed her Motion for Class Certification on August 10, 2017, soon after filing her Second Amended Class Action Complaint. At the time she filed her Motion for Class Certification, the Second Amended Class Action Complaint included the following class definition:

> Plaintiff and all persons within the United States to whose cellular telephone number Defendant ContextMedia Health, LLC sent, in the past four years, a text message, other than an opt-out confirmation text message, using an automatic telephone dialing system, after Defendant's records, or the records of any entity with whom Defendant contracted to provide text messaging services, indicate Defendant or that entity received a text message containing the word "STOP" from the cellular telephone number.

(Compl. ¶ 46.)

3. As Outcome Health argued in its Memorandum in Opposition to Plaintiff's Amended Motion for Class Certification, filed September 29, 2017 (Dkt. No. 76), this class definition is defective on its face because it pleads a fail-safe class of a type that courts routinely

reject. Perhaps recognizing this problem, Plaintiff proposed a different class definition in her class certification brief. (*See* Dkt. 61 at 2.)

4. On October 13, Plaintiff filed the Motion in which she seeks to amend her complaint for a third time. According to her, "the sole purpose" for her proposed amendment is to update the class definition "to match the definition of the class for which Plaintiff seeks certification." (Mot. at 1.)

5. Plaintiff argues in support of the Motion that one court in the Northern District, *Chapman v. Wagener Equities*, No. 09-cv-07299, 2012 WL 6214597 (N.D. Ill. Dec. 13, 2012), allowed simultaneous amendment of the class definition in a complaint while a class certification motion was pending. (Mot. ¶ 7.) But what Plaintiff omits from her description of *Chapman* is that the plaintiff there proposed that the court accept the proposed amendment to clean up briefing that had become "convoluted and somewhat outdated." *Id.* at *1. Thus, the plaintiff proposed that the court actually strike—rather than proceed with—pending class certification briefing. *Id.* As a result, in allowing amendment the court also denied as moot a number of motions related to class certification and granted the plaintiff leave to file a new motion for class certification. *Id.* at *1, 8.

6. The other two cases Plaintiff relies upon are also inapposite, because the courts in both determined that class certification was appropriate based on the definition in the original complaint rather that the new definition proposed in motion practice. In *Heastie v. Community Bank of Greater Peoria*, the court certified a class and allowed for subsequent amendment where the proposed change in the class definition, while significant, did not impact the court's decision on certification. 125 F.R.D. 669, 672 n.3 (N.D. Ill. 1989) ("[A]s in *Ridings*, class certification would be appropriate even with a redefined class."). The *Heastie* court in making its decision observed that it had faced a "similar situation" in an earlier case where the class described in the complaint and the class proposed in the motion for class certification were "nearly identical." *Id.* (quoting *Ridings v. Canadian*

2

*Imperial Bank*, 94 F.R.D. 147 (N.D. Ill. 1982). In *Bridgeview Health Care Center Ltd. v. Clark*, No. 09 C 56012011 WL 4628744, the court relied on both *Heastie* and *Ridings* to conclude that "class certification will be determined as originally defined [in the complaint] and Plaintiff may move to alter or amend the class definition and amended complaint if they so choose." *Id.* at *2.

7. This case is unlike those relied upon by Plaintiff because, as Outcome Health argued in opposition to the Amended Motion for Class Certification, the class definition in the complaint sets forth a fail-safe class that is facially defective.

8. The relief Plaintiff seeks is prejudicial to Outcome Health. Outcome Health relied upon the operative class definition proposed by Plaintiff in her complaint in opposing class certification and it has incurred substantial time and attorneys' fees in preparing its opposition. Allowing Plaintiff to pivot during briefing to attempt to "fix" her pleading defect but otherwise proceed on the pending Motion for Class Certification is fundamentally unfair.

9. If the Court follows *Heastie* and *Bridgeview Health* as urged by Plaintiff, it should deny this Motion and in its consideration of class certification it should hew to the operative class definition in the Second Amended Class Action Complaint and deny class certification as well. In the alternative, if the Court chooses to allow amendment of the complaint for purposes of correcting a defective class definition, the motion for class certification should be denied as moot or withdrawn and Plaintiff be given the opportunity to revise and refile her class certification motion.

For these reasons, the Court should deny Plaintiff's Motion to File Third Amended Complaint.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By: /s/ Colby A. Kingsbury
 *Attorneys for Defendant
 ContextMedia Health, LLC d/b/a Outcome
 Health*

Erin L. Hoffman (MN No. 0387835)
Larry E. LaTarte, Jr. (MN No. 0397782)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Erin.Hoffman@FaegreBD.com
Larry.LaTarte@FaegreBD.com

and

Colby Anne Kingsbury (ARDC No. 6272842)
FAEGRE BAKER DANIELS LLP
311 S. Wacker Drive, Suite 4300
Chicago, IL 60606
Telephone: (312) 212-6573
Facsimile: (312) 212-6501
Colby.Kingsbury@FaegreBD.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of December, 2017, I electronically filed the foregoing *DEFENDANT CONTEXTMEDIA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF CHRISTY GRIFFITH'S MOTION TO FILE THIRD AMENDED COMPLAINT* with the Clerk of the Court using the CM/ECF system and e-served same to all counsel of record.

By: /s/ Colby A. Kingsbury