```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION


Christy Griffith                        )
                                        )
        Plaintiff,                      )
                                        )
                                        )
   v.                                   )  Case No. 16 C 2900
                                        )
                                        )
ContextMedia, Inc.                      )
                                        )
        Defendant.                      )
                                        )
```

<u>MEMORANDUM OPINION ORDER</u>

In this action, plaintiff alleges on behalf of herself and a class that defendant violated the Telephone Consumer Protection Act ("TCPA") by sending unwanted automated text messages. Griffith's allegations are straightforward. She claims that after signing up to receive daily automated "Healthy Tips" via text message and receiving such messages for a period of time, she attempted to unsubscribe from the service by replying to them with the word "STOP" and similar messages indicating that she no longer wished to subscribe to the service. Despite her efforts, the texts continued for many months. Plaintiff estimates that she received approximately eighty texts after her first attempt to stop them. Before me are plaintiff's motion for class certification; her motion to file a third amended complaint to amend the class definition consistently with the one proposed in her class

certification motion; and defendant's motion to strike the declaration of Lisa Mullins, an expert on whose opinions plaintiff relies to support her class certification motion. For the reasons that follow, the class certification motion and the motion to amend are granted, and the motion to strike is denied.

Plaintiff's motion seeks to certify the following class:

> Plaintiff and all persons within the United States to whose cellular telephone number Defendant ContextMedia Health, LLC sent, between July 28, 2015, and March 31, 2016, a text message, other than an opt-out confirmation text message, as part of its "Healthy Tips" campaign, after Defendant's records or the records of any entity with whom Defendant contracted to provide text messaging services, indicate that the telephone number to which the text messages were sent had previously sent a text message with the single word "STOP" or the single phrase "STOP CMH TIPS," regardless of capitalization.

A proposed class "must always meet the Rule 23(a) requirements of numerosity, typicality, commonality, and adequacy of representation." *Messner v. Northshore University HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). Because plaintiff seeks to certify a class under Rule 23(b)(3), she must further establish: "(1) that the questions of law or fact common to the members of the proposed class predominate over questions affecting only individual class members; and (2) that a class action is superior to other available methods of resolving the controversy. *Id*. Plaintiff bears the burden of showing that a preponderance of the evidence supports each element. *Id*.

It is undisputed that the proposed class meets the numerosity requirement, as defendant's discovery indicates that it contains more than 2,200 individuals. Defendant does not dispute that the proposed class is sufficiently numerous. Nor does defendant meaningfully contest commonality, as it focuses on perceived evidentiary inadequacies without tethering them to a reasoned discussion of what commonality requires. The central analytical issue is whether common questions bearing on defendants' liability yield answers that are common to the class. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (commonality requires that class members' claims "depend upon a common contention ... of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."). Plaintiff identifies several questions that seem to fit the bill—including whether sending the message identified in the class amounts to revocation of consent and whether the equipment used to send the messages at issue meet the requirements of an "automatic telephone dialing system—and defendant's insistence that plaintiff offers no "evidence, no proposed analytical framework, no litigation plan" does not persuade me otherwise. As for the remaining requirements of Rule 23(a), defendant does not dispute that plaintiff's claim arises from the same course of conduct as that giving rise to the class claim, thus satisfying

3

typicality, *see De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.3d 225, 232 (7th Cir. 1983), or that the named plaintiff and class counsel are adequate representatives. For these reasons, I am satisfied that Rule 23(a)(1) is satisfied.

Defendant's principal objections to class certification are: 1) that plaintiff's motion articulates a different class than the one proposed in her complaint; 2) that the proposed class is not ascertainable and is fail-safe; and 3) that the proposed class fails Rule 23(b)'s predominance and superiority requirements. None of these objections requires extended analysis.

On the issue of class definition, it is not uncommon for courts to modify the proposed class at the certification stage to avoid such problems as over-inclusivity and fail-safeness. *See Messner*, 669 F.3d 802, 825 (7th Cir. 2012) (endorsing the approach); *Streeter v. Sheriff of Cook County*, 256 F.R.D. 609, 615 (N.D. Ill. 2009) (certifying modified class to avoid ambiguity in class definition); *Hinman v. M and M Rental Center, Inc.*, 545 F. Supp. 2d 802, 808 (N.D. Ill. 2008) (certifying modified class). In this case, the modified definition clarifies the dates of the class period and narrows the proposed class by confining it to individuals who received automated "Healthy Tips" text messages (as opposed to any automated text messages) and who sent one of two precisely worded messages to defendant in response. I am not persuaded that defendant is any way prejudiced by allowing these

4

refinements, and the law of this circuit does not mandate denial of certification on the principle that plaintiff must stick to the definition proposed in her complaint. Although I am not convinced that it is necessary to amend the complaint to reflect the modified class definition, plaintiffs' motion for leave to do so is granted.

On the issue of ascertainability, the law of this circuit is clear: a class that is "defined clearly and based on objective criteria" is ascertainable, even if its members may be difficult to identify. *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659 (7th Cir. 2015). The proposed class again fits the bill. The class definition is neither imprecise nor amorphous, nor does membership depend on subjective criteria. Defendant points to a litany of hypotheticals, including that a class member "could have blocked text messages from Healthy Tips, lost or disposed of her phone, discontinued her cellular service, or otherwise acted to no longer receive the messages," Opp. at 7, but none of these concerns suggests that the class fails to meet the standard the Seventh Circuit has articulated for ascertainability. Moreover, even assuming the analysis requires inquiry into the ease or difficulty with which class members can reliably be identified, plaintiff proposes several methods for doing so, including through the services of an experienced class action administration firm with access resources for identifying class members based on known

5

phone numbers and/or enlisting the help of cellular carriers whose records can be used to correlate cell phone numbers with the individuals who used them.[1] Lisa Mullins, a principal of the class action administration firm ILYM, estimates based on her experience handling similar cases that resources available to her firm will allow it to identify and locate upwards of eighty-five percent of class members based on their phone numbers. While it is true that Ms. Mullins's declaration might have identified more specifically the "databases and third-party sources" her firm uses, her representation that ILYM was, in fact, able to identify and locate 87.78% of 76,190 class members based only on their cell phone numbers in a 2014 case in the Central District of California, *see* Mullins Decl. at ¶ 6, is persuasive evidence that her firm could reliably identify most members of the much smaller class here.[2]

---

[1] I am mindful that the correlation may be imperfect in some cases, where the subscriber is different from the actual user. This strikes me not as problem of ascertainability, however, but rather as a factor that may be relevant to the predominance inquiry, though I am not persuaded it is an obstacle to certification in that connection here.

[2] I decline to strike Ms. Mullins's declaration on the ground offering that she was not properly disclosed as an expert under Rule 26(a)(2). Rule 26(a)(2) facially applies only to expert witnesses a party "may use at trial," while plaintiff offers Ms. Mullins's declaration solely in support of class certification. While courts commonly require Rule 26(a)(2) disclosure of experts whose testimony is offered in conjunction with summary judgment, defendant points to no case requiring disclosure of a class-certification witness, and plaintiff identifies several decisions holding that Rule 26(a)(2) disclosures are not required in other contexts. *See, e.g.*, *Yakima Valley Mem'l Hosp. v. Washington State Dep't of Health* No. CV 09-3032-EFS, 2012 WL 12951705, at

Nor has defendant offered argument or authority suggesting that plaintiff's proposed class is "fail-safe." Indeed, defendant's "fail-safe" argument (which lacks meaningful analysis in any event) appears directed exclusively to the class definition alleged in the complaint. *See* Opp. at 6.

This leaves only the issues of predominance and superiority.[3] Defendants' central theory is that because plaintiff's individual recovery is potentially significant—as much as $124,000 if she proves willful violations of the TCPA—it is not appropriate for class treatment. It is true that "if a class member has a large enough stake to be able to litigate on his own, the case for class-action treatment is weakened." *Pastor v. State Farm Mut. Auto. Ins. Co.*, 487 F.3d 1042, 1047 (7th Cir. 2007) (quoting *Nagel v. ADM Investor Services, Inc.*, 217 F.3d 436, 443 (7th Cir. 2000). But neither *Pastor* nor *Nagel* suggests that class treatment is inappropriate here. In *Pastor*, the plaintiff's individual claim

---

*2 (E.D. Wash. May 18, 2012) (expert testimony in support of *Daubert* motion not subject to Rule 26(a)(2)); *Broyles v. Cantor Fitzgerald & Co.*, No. 3:10-857-JJB-CBW, 2016 WL 4267955, at *3 (M.D. La. Aug. 11, 2016)(same); *Smiley v. Hologic, Inc.*, No. 16-cv-158-WQH-MDD, 2016 WL 5242958, at *1 (S.D. Cal. Sept. 22, 2016) (Rule 26(a)(2) disclosure not required of expert plaintiff did not intend to use at trial). Moroever, I am not persuaded that defendant was prejudiced by plaintiffs' failure to disclose Ms. Mullins pursuant to Rule 26(a)(2).

[3] Defendant pays lip service to a handful of additional arguments, including that plaintiff's claims require "extensive" individual inquiry, specifically on the issues of consent, standing, and willfulness. I have reviewed these arguments and determined that none warrants discussion.

was indeed small-ten dollars—and certification was denied on the basis of the size of her personal stake but on the ground that individual issues of liability predominated. In *Nagel*, the record indicated not only that the named plaintiff had a substantial individual claim but that every member of the class "had a sufficiently large stake to be able to afford to litigate on his own." 217 F.3d at 443. In the absence of any evidence to suggest that all or many of the absent class members have claims as substantial as plaintiff's, I decline to deny certification on that ground.

For the foregoing reasons, plaintiff's class certification motion is granted. The class is certified as defined above.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: January 11, 2018