# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is entered into by and between Plaintiff Christy Griffith ("Griffith" or "Plaintiff"), for herself and the Settlement Class Members (as defined below), on the one hand, and ContextMedia Health, LLC, ("ContextMedia" or "Defendant"), on the other hand. This Settlement Agreement is intended to resolve the claims and defenses in *Griffith v. ContextMedia Health, LLC*, No. 1:16-cv-02900 (United States District Court, Northern District of Illinois) (the "Action"). Plaintiff and Defendant are referred to collectively in this Settlement Agreement as the "Parties."

## I.     RECITALS

**1.01**     On March 7, 2016, Griffith filed a one-count putative Class Action Complaint in the United States District Court for the Northern District of Illinois, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), arising from certain texts allegedly made and sent by, or on behalf of, ContextMedia. Griffith subsequently amended her pleadings, culminating in the filing of a Third Amended Class Action Complaint and Jury Demand, on January 12, 2018 (the "Complaint").

**1.02**     The Parties have engaged in significant in person, telephonic, and written communication, arms-length negotiations, wherein the Parties have reached a settlement in principle. Based on their investigation and negotiations, which included Class Counsel's extensive review of data produced by Defendant during discovery and Class Counsel's confirmation of the unique cell phone numbers belonging to members of the putative class, and taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of this litigation, and the substantial benefits to be received by Settlement Class Members pursuant to this Settlement Agreement, Class Counsel have concluded that a

settlement with ContextMedia on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

1.03    In negotiating this settlement, Plaintiff and Class Counsel took into account publicly available information regarding Defendant, among other things, including information that Class Counsel believes makes the current settlement a sound financial decision for the Class.

1.04    ContextMedia denies all material allegations in the Complaint and specifically disputes that it violated the TCPA in any respect, including but not limited whether any exemptions or exceptions apply with respect to the TCPA, whether an automatic telephone dialing system was used; whether there was a proper revocation in each instance by each putative class member, etc.; or that Plaintiff and putative class members are entitled to any relief. ContextMedia further contends that the allegations in the Complaint are not amenable to class certification.  Nevertheless, given the risks, uncertainties, burden, and expense of continued litigation, Defendant has agreed to settle this litigation on the terms set forth in this Settlement Agreement, subject to Court approval.

1.05    The Parties understand, acknowledge and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims.  This Settlement Agreement is inadmissible as evidence against any party except to enforce the terms of the Settlement Agreement and is not an admission of wrongdoing or liability on the part of any party to this Settlement Agreement.  The Parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

1.06    The Settlement contemplated by this Settlement Agreement is subject to preliminary approval and final approval by the Court, as set forth herein. This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the

- 2 -

Released Claims, upon and subject to the terms and conditions hereof.

## II.      DEFINITIONS

**2.01**    "Action" means the action described by the Complaint (and all prior versions of the Complaint) filed by Plaintiff in the United States District Court for the Northern District of Illinois, captioned *Griffith v. ContextMedia Health, LLC*, Case No. 1:16-cv-02900.

**2.02**    "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release, including any exhibits or attachments.

**2.03**    "Approved Claims" means claims that have been validly completed, timely submitted, and approved for payment.

**2.04**     "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

**2.05**    "Text" or "Texts" means outbound texts made by ContextMedia, or on its behalf, as part of its "Healthy Tips" campaign, sent to Settlement Class Members in accordance with the criteria of the definition set forth for the Settlement Class.

**2.06**    "Cash Award" means a cash payment to an eligible Settlement Class Member.

**2.07**    "Claim Form" means the claim form substantially in the form attached hereto as Exhibit A.

**2.08**    "Claims Deadline" means ninety (90) days from the Settlement Notice Date.

**2.09**    "Claims Period" means the 90-day period that begins on the Settlement Notice Date.

**2.10**    "Claims Administrator" means the neutral third party selected by the Parties to effectuate Class Notice and otherwise administer the Settlement as set forth herein, subject to Court approval.

**2.11**    "Class Counsel" means The Glapion Law Firm, LLC and Tycko & Zavareei LLP.

**2.12**    "Class Notice" means the notice specified in Section VIII of this Settlement Agreement.  Class Notice shall be substantially in the forms attached hereto collectively as Exhibit B, subject to the Court's approval.

**2.13**    "Class Period" means March 7, 2012, through Final Approval.

**2.14**    "Class Representative" means the plaintiff, Christy Griffith.

**2.15**    "Class Size" means the approximately 2,239 unique cellular telephone numbers used or subscribed to by Class Members to which ContextMedia sent texts, or caused to be sent, during the Class Period.

**2.16**    "Court" means the United States District Court for the Northern District of Illinois.

**2.17**    The Settlement will be a non-reversionary settlement fund, from which all Class Members' claims, the cost of notice and administration, and any attorneys' fees and incentive awards to the Class Representative, etc. will be paid (see "Settlement Costs" below). As set forth below, to the extent there are any checks uncashed within the allotted time, such money will go to a *Cy Pres* fund, and to an agreed upon third party charity.

**2.18**    "Effective Date" means the date on which the Judgment becomes final as provided in Section 12.01.

**2.19**    "Escrow Account" means a non-interest bearing account established at a financial institution, by the Claims Administrator, into which monies shall be deposited as set forth by this Settlement Agreement.

**2.20**    "Final Approval Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement Agreement as fair, reasonable, and adequate.

**2.21**     "Final Approval Order" means the order to be submitted to the Court in connection with the Final Approval Hearing.

**2.22**     "Final Distribution Date" means the earlier of (i) the date as of which all the checks for Cash Awards have been cashed, or (ii) 210 days after the date on which the last check for a Cash Award was issued.

**2.23**     "Notice Database" means the database containing Settlement Class Members' information Defendant has provided pursuant to Section 7.02.

**2.24**     "Objection Deadline" means forty-five (45) days from the Settlement Notice Date.

**2.25**     "Opt-Out Deadline" means forty-five (45) days from the Settlement Notice Date.

**2.26**     "Preliminary Approval Order" means the order by the Court granting preliminary approval to this Settlement.

**2.27**     "Released Claims" means the releases identified in Section XIII.

**2.28**     "Released Parties" means ContextMedia and each of its respective past, present and future parents, subsidiaries, affiliated companies and corporations, any company claiming to do business as Outcome Health, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, assigns, or related entities, and each of their respective executors, successors, and legal representatives, as well as any person or entity on whose behalf ContextMedia sent Texts.

**2.29**     "Settlement Class" means all persons within the United States to whose cellular telephone number Defendant ContextMedia Health, LLC sent, or caused to be sent, a text message, other than an opt-out confirmation text message, as part of its "Healthy Tips"

campaign, after Defendant's records or the records of any entity with whom Defendant contracted to provide text messaging services indicate that the telephone number to which the text messages were sent had previously sent a text message with the single word "STOP" or the single phrase "STOP CMH TIPS," regardless of capitalization.

**2.30**  "Settlement Class Members" or "Class Members" means those persons who are members of the Settlement Class, as set forth in the definition in Section 2.29, and who do not timely and validly request exclusion from the Settlement Class.

**2.31**  "Settlement Costs" means all costs incurred by Plaintiff, the Settlement Class Members, and their attorneys, including but not limited to Plaintiff's attorneys' fees, costs of suit, Plaintiff's expert or consultant fees, any incentive payments paid to the Class Representative, notice costs, costs of claims administration, and all other costs of administering the Settlement Agreement (including but not limited to administration costs associated with any website, publication, notice, toll free telephone number, or any other cost associated with this Settlement Agreement).

**2.32**  "Settlement Fund" means the non-reversionary cash sum that will be paid by ContextMedia to settle this Action in accordance with the terms of this Settlement Agreement, as identified in Section 4.02. This provision does not prevent ContextMedia, or any other person or entity, from paying all or part of the Settlement Fund on ContextMedia's behalf.

**2.33**  "Settlement Notice Date" means June 29, 2018, or twenty-five (25) days after a Preliminary Approval Order is issued, whichever is later.

**2.34**  "Settlement Website" means the Internet website operated by the Claims Administrator as described in Section 8.04.

**2.35**  "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*,

and any regulations or rulings promulgated under it.

## III.     THE PARTIES RECOMMEND APPROVAL OF THE SETTLEMENT.

    **3.01**     Defendant's Position on the Conditional Certification of Settlement Class.

Defendant disputes that a class would be manageable or that common issues predominate over individual ones, and further denies that a litigation class properly could be certified on the claims asserted in this Action. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose the certification for settlement purposes only of the Settlement Class. Preliminary certification of the Settlement Class for settlement purposes shall not be deemed a concession that certification of a litigation class is appropriate, nor would Defendant be precluded from challenging class certification in further proceedings in this Action or in any other action if the Settlement Agreement is not finalized or finally approved. If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in this Action; however, such an occurrence will have no impact on any decision on class certification rendered prior to the Parties' agreement to settle this matter on January 24, 2018. No agreements made by or entered into by Defendant in connection with the Settlement Agreement may be used by Plaintiff, any person in the Settlement Class or any other person to establish any of the elements of liability or class certification in any litigated certification proceedings, whether in this Action or any other judicial proceeding.

    **3.02**     Plaintiff's Belief in the Merits of Case. Plaintiff believes that the claims asserted in this Action have merit and that the evidence developed to date supports those claims. This Settlement Agreement shall in no event be construed or deemed to be evidence of or an

admission or concession on the part of Plaintiff that there is any infirmity in the claims asserted by Plaintiff, or that there is any merit whatsoever to any of the contentions and defenses that Defendant has asserted.

       **3.03**   <u>Plaintiff Recognizes the Benefits of Settlement</u>.  Plaintiff recognizes and acknowledges, however, the expense and amount of time which would be required to continue to pursue this Action against Defendant, as well as the uncertainty, risk and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class.  Plaintiff has concluded that it is desirable that this Action and any Released Claims be fully and finally settled and released as set forth in this Settlement Agreement.  Plaintiff and Class Counsel believe that the agreement set forth in this Settlement Agreement confers substantial benefits upon the Settlement Class and that it is in the best interests of the Settlement Class to settle as described herein.

### IV.      <u>SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS</u>

       **4.01**   <u>Confirmatory Discovery</u>:  The Parties have engaged in confirmatory discovery, and have agreed upon the Class Size.

       **4.02**   <u>Monetary Consideration</u>.  In consideration of the releases, covenants, and other agreements set forth in this Settlement Agreement, ContextMedia will pay or cause to be paid $2,900,000 into the Escrow Account within twenty-one (21) days after entry of Preliminary Approval provided that the Claims Administrator has first provided Defendant with: (a) a W-9 for the Escrow Account, and (b) the wire or check mailing instructions for payment to the Escrow Account. This Settlement Fund will be used to pay all monies, including approved Claims, and any Settlement Costs (as referenced above, and including but not limited to any enhancement fee to Griffith, any awarded attorneys' fees and costs, and any costs associated with

the administration of this settlement). Under no circumstances shall ContextMedia be required to pay, or cause to be paid, any amount in excess of $2,900,000 in order to resolve the Action or obtain releases from Plaintiff and Settlement Class Members. Claims will not be paid until after the Effective Date as set forth in 7.03(d).

**4.03** <u>Eligibility for Cash Awards</u>. Cash Awards shall be made to eligible Settlement Class Members who make valid and timely claims. Each Settlement Class Member shall be entitled to make one claim for a Cash Award, except that Settlement Class Members who received texts on multiple cell phone numbers may submit one claim for each unique cell phone number called.

**4.04** <u>Amount Paid per Claim</u>. Each Settlement Class Member who makes a valid and timely claim shall receive a Cash Award. The amount of each Cash Award shall be determined by the following formula: (Settlement Fund – Settlement Costs) ÷ (Total Number of Texts Sent to Claiming Class Members) = Cash Award Per Text. The Cash Award for each Settlement Class Member who makes a valid and timely claim is the Settlement Class Member's pro rata share of the total payments to Settlement Class Members, based on a pro rata share of Texts received by that Settlement Class Member. For example, if there is $2,000,0000 in the Settlement Fund after Settlement Costs, and there are 1,000 Settlement Class Members who make valid and timely claims, whose total Texts equaled 25,000 Texts, the per-Text pro rata share would be $80 per Text (i.e. $2,000,000 ÷ 25,000). Further to such example, if one of the 1,000 Settlement Class Member who made a valid and timely claim had received 20 Texts, that Settlement Class Member would receive a payment of $1,600 (i.e. $80 X 20). Defendants will provide the Claims Administrator with sufficient information to determine the number of Texts sent to each Settlement Class Member, so as to calculate the foregoing.

## V.     ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVES

**5.01**    <u>Class Representative and Class Counsel Appointment</u>. For settlement purposes, and subject to Court approval, Griffith is appointed as the Class Representative for the Settlement Class as a whole, and The Glapion Law Firm, LLC and Tycko & Zavareei LLP are appointed Class Counsel for the Settlement Class.

**5.02**    <u>Attorneys' Fees and Costs</u>. Class Counsel shall move the Court for an award of attorneys' fees and expenses to be paid from the Settlement Fund, not to exceed 1/3 of the Settlement Fund. Class Counsel shall be entitled to payment of the fees awarded by the Court out of the Settlement Fund as set forth in Section 7.03. This Settlement will be binding and enforceable regardless of whether the Court approves the attorneys' fees and costs sought by Class Counsel. In addition, no interest will accrue on such amounts at any time. Any award of attorneys' fees and costs shall be paid from the Settlement Fund.

**5.03**    Class Counsel may elect to have all, part, or none of their attorneys' fees award paid in periodic payments through a structured settlement arrangement entered into prior to payment of such fees to Class Counsel. Notwithstanding any term in the Agreement to the contrary, any fees awarded to Class Counsel to be so structured shall be paid by the Settlement Fund to an assignment company(ies) pursuant to assignment and release agreements reasonably acceptable to the Settlement Administrator ("Assignment Agreements"). Class Counsel has no present right to payment of any structured fees that are the subject of Assignment Agreements. Prior to the payment by the Settlement Fund under any Assignment Agreement, Class Counsel shall indemnify and hold harmless the Settlement Administrator administering the Settlement Fund. The Court authorizes the Settlement Administrator and Settlement Fund to execute

documents and take such actions as may be necessary to effectuate the assignment and payment of fees under any Assignment Agreement.

      5.04    <u>Payment to Class Representative</u>.  The Class Representative will ask the Court to award an incentive payment, not to exceed $10,000, for the time and effort she has personally invested in the Action on behalf of the Settlement Class.  Within five (5) days of the Effective Date, and after receiving a W-9 form from the Class Representative, the Claims Administrator shall pay to Class Counsel the amount of the incentive payment awarded by the Court, and Class Counsel shall disburse such funds.  Court approval of any incentive payment, or its amount, is not a condition of the Settlement Agreement. Any payment under Section 5.04 shall be paid from the Settlement Fund.

      5.05    <u>Settlement Independent of Award of Fees, Costs and Incentive Payments</u>.  The payment of attorneys' fees, costs and any incentive payment set forth in Sections 5.02 and 5.04 are subject to and dependent upon the Court's approval of the Settlement Agreement as fair, reasonable, adequate and in the best interests of Settlement Class Members.  However, this Settlement Agreement is not dependent or conditioned upon the Court's approving Plaintiff's requests for such payments or awarding the particular amounts sought by Plaintiff.  In the event the Court declines Plaintiff's requests or awards less than the amounts sought, this Settlement Agreement shall continue to be effective and enforceable by the Parties.

## VI.      <u>PRELIMINARY APPROVAL</u>

      6.01    <u>Order of Preliminary Approval</u>.  As soon as practicable after the execution of this Agreement, Plaintiff shall move the Court for entry of the Preliminary Approval Order in substantially the form attached as Exhibit D.  Pursuant to the motion for preliminary approval, Plaintiff will request that:

a.     the Court conditionally certify the Settlement Class for settlement purposes only, appoint Griffith as the Class Representative of the Settlement Class for settlement purposes only, and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only;

b.     the Court preliminarily approve the Settlement Agreement as fair, adequate and reasonable, and within the reasonable range of possible final approval;

c.     the Court approve the form(s) of Notice and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

d.     the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice; and,

e.     the Court set the Claims Deadline, the Objection Deadline and the Opt-Out Deadline.

## VII.     ADMINISTRATION AND NOTIFICATION PROCESS

**7.01**     <u>Third-Party Claims Administrator</u>.  The Parties agree to jointly propose a Claims Administrator for the Court's approval on or before Plaintiff's Motion for Preliminary Approval hearing date, who shall be responsible for all matters relating to the administration of this Settlement Agreement, as set forth herein. Those responsibilities include, but are not limited to, creation of the Escrow Account, giving notice, obtaining new addresses for returned mail, setting up and maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the Settlement Agreement, processing claims, acting as a liaison between Settlement Class Members and the Parties regarding claims information, approving claims, rejecting any Claim Form where there is evidence of fraud or noncompliance, directing the mailing of Cash Awards

to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing. The Claims Administrator will provide monthly updates on the claims status to counsel for all Parties.

**7.02** _Notice Database._ To facilitate the notice and claims administration process, no later than fifteen (15) days after entry of the Preliminary Approval Order, ContextMedia will provide to the Claims Administrator, in an electronically searchable and readable format, Notice Database which include the cellular phone number for all known members of the Settlement Class. The Parties will provide additional contact and identifying information for Class Members, such as that obtained via subpoenas to cellular carriers discussed in Paragraph 8.02, to the extent that it is obtained. Any personal information relating to members of the Settlement Class provided to the Claims Administrator pursuant to this Settlement Agreement shall be provided solely for the purpose of providing notice to members of the Settlement Class and allowing them to recover under this Settlement Agreement; shall be kept in strict confidence; shall be used only for purposes of this Settlement Agreement; and shall not be disclosed to any third party.

**7.03** _Distribution of the Settlement Fund._ The Claims Administrator shall distribute the funds in the Settlement Fund in the following order and within the time period set forth with respect to each such payment:

a. first, no later than thirty (30) days after the Effective Date, the Claims Administrator shall pay to Class Counsel the attorneys' fees, costs, expenses, and incentive award ordered by the Court as set forth in Section 5.02;

b.       next, no later than thirty (30) days after the Effective Date, the Claims Administrator shall pay to the Class Representative any incentive award ordered by the Court, as described in Section 5.04;

c.       next, no later than sixty (60) days after the Effective Date, the Claims Administrator shall be paid for any unreimbursed costs of administration incurred;

d.       next, no later than thirty (30) days after the Effective Date, the Claims Administrator shall mail the Cash Awards to eligible Settlement Class Members pursuant to Section IX;

e.       next, if checks that remain uncashed after 210 days of the first pro rata distribution yield an amount that, after administration costs, feasibly allow a second pro rata distribution to the qualifying claimants, the Claims Administrator shall distribute any such funds on a pro rata basis to Settlement Class Members who cashed settlement checks. If net uncashed proceeds exceed $1.00 per Text, a second distribution will be considered administratively feasible.

f.       finally, if a second pro rata distribution is not made, or if checks remain uncashed 210 days after the second distribution, the uncashed amount will be paid to a mutually agreeable *cy pres* recipient, subject to Court approval.  The parties jointly agree to propose American Diabetes Association as the *cy pres* recipient.

## VIII.       NOTICES

**8.01**   Timing of Class Notice.  Class Notice shall be provided to all persons in the Settlement Class by June 29, 2018, or within twenty-five (25) days following entry of the Preliminary Approval Order, whichever is later.

**8.02**     Mail Notice.  Class Counsel has issued subpoenas to wireless carriers (Verizon, T-Mobile, Cingular, Sprint) covering approximately 96% of all Class Members for information on the names and addresses of the subscribers to those telephone numbers. Within twenty (20) days of receipt of the list of cellular telephone numbers belonging to Class Members, the Claims Administrator shall conduct a reasonable search to locate an address and/or name associated with such cellular phone numbers belonging to carriers to which a subpoena was not sent. Within thirty (30) days of the receipt of the final subpoena response from the aforementioned carriers, the Claims Administrator shall conduct a reasonable search to locate an address and/or name associated with any telephone number for which a subpoena response was not provided, and shall prepare a master list of addresses/names believed to be associated with all Class Member telephone numbers, and advise the Parties of the amount of the same.  This master list will consist of 1) Class Member information already known; 2) Class Member information obtained via subpoenas; and 3) Class Member information obtained via reasonable searches. Once such list has been prepared, Settlement Notice shall be provided as follows:

    a.     Mail Notice/Address Confirmation.  For those Class Members for which an address has been located, the Claims Administrator shall send the Settlement Notice via first class mail, to such address.  The last known address of persons in the Settlement Class will be subject to confirmation or updating as follows: (a) the Claims Administrator will check each address against the United States Post Office National Change of Address Database before the initial mailing; (b) the Claims Administrator will conduct a reasonable search to locate an updated address for any person in the Settlement Class whose Settlement Notice is returned as undeliverable; (c) the Claims Administrator shall update addresses based on any forwarding information received from the United States Post Office; and, (d) the Claims Administrator shall

update addresses based on any requests received from persons in the Settlement Class.

        b.    <u>Re-Mailing of Returned Settlement Notices</u>.  The Claims Administrator shall promptly re-mail any Notices that are returned as non-deliverable with a forwarding address to such forwarding address.  For all returned mail, the Claims Administrator will perform data searches and other reasonable steps to attempt to obtain better contact information on the Settlement Class Member. All costs of such research will be considered Settlement Costs and deducted from the Settlement Fund.

    **8.03**    <u>Publication Notice</u>.  The Claims Administrator shall design and conduct a Facebook notice program which the Parties believe will fully satisfy the requirements of due process in conjunction with the other forms of notice discussed in this Agreement.  This notice will be in the form of targeted Facebook ads targeting Class Members by the phone number at which they received the Text Messages. The Publication Notice program will be agreed to by the Parties and submitted to the Court with Plaintiff's Motion for Preliminary Approval.  The Publication Notice program will be initiated on the Settlement Notice Date, or as soon thereafter as practicable.

    **8.04**    <u>Settlement Website</u>.  By the Settlement Notice Date, the Claims Administrator shall maintain and administer a dedicated settlement website containing class information and related documents, along with information necessary to file a claim, and an electronic version of the Claim Form Class Members can download, complete and submit electronically.  At a minimum, such documents shall include the Settlement Agreement and attached exhibits, Mail Notice, Preliminary Approval Order, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, the operative complaint in the Action, and, when filed, the Final Approval Order.  The Settlement Website shall remain operative until the date of the *cy*

*pres* distribution.

**8.05** <u>Toll-Free Telephone Number</u>. By the Settlement Notice date, the Claims Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement Agreement. That telephone number shall be maintained until thirty (30) days after the Claims Deadline. After that time, and for a period of ninety (90) days thereafter, a recording will advise any caller to the toll-free telephone number that the Claims Deadline has passed and the details regarding the Settlement Agreement may be reviewed on the related Settlement Website.

**8.06** <u>Deficient Claims Notice</u>. On an ongoing basis, the Claims Administrator will determine if the telephone number submitted with a Claim does not match the telephone number associated with a particular claim number. In such a circumstance, the Claims Administrator will mail a letter informing the claimant of this deficiency and requesting either 1) the name and telephone number for each person on a particular cellular account between July 28, 2015 and March 31, 2016 or 2) the telephone number and name of the person on the cellular account who actually received the text messages at issue. A completed deficient claim form that results in an Approved Claim will be treated as timely so long as the deficient claim form is received within thirty (30) days of the Claims Deadline.

**8.07** <u>Costs Considered Settlement Costs</u>. All costs of address confirmation, skip tracing, and re-mailing of returned Settlement Notices, and text notice, will be considered Settlement Costs and deducted from the Settlement Fund

**8.08** <u>CAFA Notice</u>. ContextMedia shall be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within ten (10) days of the filing of Plaintiff's Motion for Preliminary Approval.

## IX.     <u>CLAIMS PROCESS</u>

**9.01**     <u>Potential Claimants</u>. Each member of the Settlement Class who does not timely and validly request exclusion from the Settlement as required in this Settlement Agreement shall be a Settlement Class Member and entitled to make a claim. Each Settlement Class Member shall be entitled to make one claim per unique cell phone number on which they received Texts, regardless of the number of times the Settlement Class Member was texted on a particular cell number. Though a single claim (or multiple if different unique cell numbers to a Settlement Class Member), the calculation of the claim will be based on a per-Text, pro rata basis, as discussed herein.

**9.02**     <u>Conditions for Claiming Cash Award</u>. To make a claim, Settlement Class Members must submit by the Claims Deadline a valid and timely Claim Form by U.S. mail or through the Settlement Website, which shall contain the information set forth in Exhibit A hereto, including the Settlement Class Member's 1) name; 2) current address; 3) cell phone number on which claimant received Text(s) from ContextMedia; 4) current contact telephone number, if available; and 5) contact email address, if available. The Claims Administrator will notify claimants who submit a first incomplete or incorrect claim form of the deficiency, including an incorrect cell phone number, and provide them the opportunity to submit a corrected form. Claims will be limited to one claim per person, per unique cell phone number, with the proportionate Cash Award being based on a pro-rata per-text amount of the remaining Settlement Fund.

**9.03**     <u>Mailing of Settlement Checks</u>. Settlement checks shall be sent to qualified class members by the Claims Administrator via U.S. mail no later than thirty (30) days after the Effective Date. If any settlement checks are returned, the Claims Administrator shall attempt to

obtain a new mailing address for that Settlement Class Member by taking the steps described in Section 8.02.  If, after a second mailing, the settlement check is again returned, no further efforts need be taken by the Claims Administrator to resend the check.  The Claims Administrator shall advise Class Counsel and counsel for Defendant of the names of the claimants whose checks are returned by the postal service as soon as practicable.  Each settlement check will be negotiable for one hundred eighty (180) days after it is issued.

## X.      OPT-OUTS AND OBJECTIONS

**10.01**   Opting Out of the Settlement.  Any members of the Settlement Class who wish to exclude themselves from the Settlement Class must advise the Claims Administrator in writing of that intent, and their opt-out request must be postmarked no later than the Opt-Out Deadline. The Claims Administrator shall provide the Parties with copies of all opt-out requests it receives in weekly status reports to the Parties, and shall provide a list of all Settlement Class Members who timely and validly opted out of the Settlement in its declaration filed with the Court, as required by Section 11.01.  The declaration shall include the names of persons who have excluded themselves from the Settlement, but it shall not include their addresses or any other personal identifying information.  Settlement Class Members who do not properly and timely submit an opt-out request will be bound by this Agreement and the judgment, including the releases in Section XII.

       a.      In the written request for exclusion, the Settlement Class Member must state his or her full name, address, telephone number, and the telephone number(s) texted by ContextMedia (if different).  Further, the Settlement Class Member must include a statement in the written request that he or she wishes to be excluded from the Settlement Agreement. The request must be signed by the Settlement Class Member.

- 19 -

       b.      Any member of the Settlement Class who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Agreement.

       c.      "Mass" or "class" opt-outs filed by third parties on behalf of a "mass" or "class" of Settlement Class Members, when not signed by each Settlement Class Member, will not be valid.

      **10.02** <u>Objections</u>.  Any Settlement Class Member who intends to object to the fairness of this Settlement must file a written objection with the Court by the Objection Deadline.  In the written objection, the Settlement Class Member must state (i) his or her full name, address and telephone number; (ii) the telephone number(s) texted by ContextMedia (if different); (iii) the reasons for his or her objection; (iv) the name of counsel for the objection (if any); (v) information about other objections the objector or his or her counsel have made in other class action cases in the last four (4) years; and (vi) whether he or she intends to appear at the Final Approval Hearing on his or her own behalf or through counsel.  Any documents supporting the objection must also be attached to the objection. The Parties will have the right to issue discovery to or depose any objector as to the basis and circumstances of his or her objection, and to assess whether the objector has standing. A Settlement Class Member may not both opt out of the Settlement and object. If a Settlement Class Member submits both a request for exclusion and objection, the request for exclusion will control. A Settlement Class Member who opts out of the Settlement may not object to the fairness of this settlement. A Settlement Class Member who objects to the Settlement may withdraw that objection. A Settlement Class Member who opts out of the Settlement may opt back in so long as the opt-in request is received prior to the Claims Deadline.

**10.03**   Any Settlement Class Member who objects may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

<h3 style="text-align:center">XI.      FINAL APPROVAL AND JUDGMENT ORDER</h3>

**11.01**   No later than fourteen (14) calendar days prior to the Final Approval Hearing, the Claims Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**11.02**   If the Settlement Agreement is approved preliminarily by the Court, and all other conditions precedent to the Settlement have been satisfied, no later than fourteen (14) calendar days prior to Final Approval Hearing:

   a.      The Parties shall request, individually or collectively, that the Court enter the Final Approval Order, with Class Counsel filing a memorandum in support of the motion; and,

   b.      Class Counsel and/or Defendant may file a memorandum addressing any objections submitted to the Settlement Agreement, and Defendant may file a memorandum in support of the Parties' request that the Court enter Final Approval.

**11.03**   At the Final Approval Hearing, the Parties will ask the Court to consider and determine whether the provisions of this Agreement should be approved, whether the Settlement Agreement should be finally approved as fair, reasonable and adequate, whether any objections to the Settlement Agreement should be overruled, whether the fee award and incentive payments to the Class Representative should be approved, and whether a judgment finally approving the

Settlement Agreement should be entered.

**11.04**  This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order which grants final approval of this Agreement and:

      a.     finds that the Notice provided satisfies the requirements of due process and Federal Rule of Civil Procedure Rule 23(e)(1);

      b.     finds that Settlement Class Members have been adequately represented by the Class Representative and Class Counsel;

      c.     finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each Settlement Class Member shall be bound by this Agreement, including the release in Sections 13.01, 13.02, and 13.03, and the covenant not to sue in Section 13.04, and that this Settlement Agreement should be and is approved;

      d.     dismisses on the merits and with prejudice all Released Claims of the Settlement Class Members;

      e.     permanently enjoins each and every Settlement Class Member from bringing, joining or continuing to prosecute any Released Claims against Defendant or the Released Parties; and,

      f.     retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## XII.  FINAL JUDGMENT

**12.01**  The judgment entered at the Final Approval Hearing shall be deemed final:

      a.     Thirty (30) days after entry of the judgment granting final approval of the Settlement Agreement if no document is filed within that time seeking appeal, review or rehearing of the judgment; or

b.　　　If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect in substantially the form described in Section 11.04.

## XIII.　　**RELEASE OF CLAIMS**

**13.01**　Released Claims.　"Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that relate to or arise out of any Text, attempted Text, telephone call, or attempted telephone call, to any Settlement Class Members, by or on behalf of Defendant or the Released Parties. For the avoidance of doubt, "Released Claims" include, but are not limited to, claims relating to or arising out of the equipment or method used to contact or attempt to contact Settlement Class Members by way of Text or telephone call.

**13.02**　Waiver of Unknown Claims.　Without expanding the foregoing release, the Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement and the releases contained therein become effective.　This Section constitutes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code, which

provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

**13.03**   Plaintiff and Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and similar federal and state statutes, case law, rules, or regulations relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**13.04**   <u>Covenant Not To Sue</u>. Plaintiff agrees and covenants, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any of the Released Parties with respect to any of the Released Claims, and agree to be forever barred from doing so in any court of law or equity, arbitration proceeding, or any other forum.  However, nothing herein is intended to restrict any Settlement Class Member from contacting, assisting or cooperating with any government agency.

**13.05**   ContextMedia agrees to make all reasonable efforts within its power, and as permitted by law, to withdraw its October 20, 2017 Petition for Clarification, or, in the Alternative, for Declaratory Ruling, CG Docket No. 02-278, DA 17-1054, from consideration by

- 24 -

the Federal Communications Commission, upon entry of a Preliminary Approval Order.

## XIV. TERMINATION OF AGREEMENT

**14.01** <u>Either Side May Terminate the Agreement</u>. Plaintiff and Defendant shall each have the right to unilaterally terminate this Settlement Agreement by providing written notice of his, her, or its election to do so ("Termination Notice") to all other Parties hereto within ten (10) calendar days of any of the following occurrences:

      a.    the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

      b.    an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

      c.    any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a way that is material, unless such modification or amendment is accepted in writing by all Parties;

      d.    the Effective Date does not occur; or

      e.    any other ground for termination provided for elsewhere in this Settlement Agreement occurs.

**14.02** <u>Termination if Large Number of Opt–Outs</u>. If, as of the Opt-Out Deadline, more than 75 Settlement Class Members have opted-out of the Settlement pursuant to Section 10.01, ContextMedia shall have, in its sole and absolute discretion, the option to terminate this Agreement within ten (10) calendar days after the Opt-Out Deadline.

**14.03** <u>Revert to Status Quo</u>. If either Plaintiff or Defendant terminate this Settlement Agreement as provided under Section XIV, the Settlement Agreement shall be of no force and

effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Settlement Agreement had never been executed, and any orders entered by the Court in connection with this Settlement Agreement shall be vacated. However, any payments made to the Claims Administrator for services rendered to the date of termination shall not be refunded to ContextMedia, but such payments shall constitute recoverable costs to the extent allowed by law.

## XV.    NO ADMISSION OF LIABILITY

**15.01** Defendant denies any liability or wrongdoing of any kind associated with the alleged claims in the operative complaint, whether related to its conduct or the conduct of third parties on its behalf. Defendant has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action. Nothing herein shall constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action. Nothing herein shall constitute an admission by Defendant that the Action is properly brought on a class or representative basis, or that a class may be certified in the Action, other than for settlement purposes. To this end, the settlement of the Action, the negotiation and execution of this Settlement Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of ContextMedia or of the truth of any of the allegations in the Actions; (ii) are not and shall not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of ContextMedia in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency or other tribunal; and, (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

**15.02**   Pursuant to Federal Rules of Evidence Rule 408 and any similar provisions under the laws of other states, neither this Settlement Agreement nor any related documents filed or created in connection with this Settlement Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Settlement Agreement.

**XVI.      TAXES**

**16.01**   Qualified Settlement Fund. The Parties agree that the account into which the Settlement Fund is deposited is intended to be and will at all times constitute a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  The Claims Administrator shall timely make such elections as necessary or advisable to carry out the provisions of Section VII, including, if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under § 1.468B of the Internal Revenue Code of 1986, as amended (the "Code").  It shall be the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**16.02**    Claims Administrator is "Administrator". For the purpose of § 1.468B of the Code and the Treasury regulations thereunder, the Claims Administrator shall be designated as the "administrator" of the Settlement Fund.  The Claims Administrator shall cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B 2(k)). Such returns shall reflect that all Taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

**16.03**  Taxes Paid by Administrator. All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon ContextMedia or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes shall be paid by the Claims Administrator from the Settlement Fund.

**16.04**  Expenses Paid from Fund. Any expenses reasonably incurred by the Claims Administrator in carrying out its duties, including fees of tax attorneys and/or accountants and the cost of issuing 1099s (for example if the amount of a claim exceeds $600), shall be paid by the Claims Administrator from the Settlement Fund.

**16.05**  Responsibility for Taxes on Distribution. Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution.  Such taxes and tax-related expenses shall not be paid from the Settlement Fund.

## XVII.    MISCELLANEOUS

**17.01**  Entire Agreement.  This Settlement Agreement and the exhibits hereto constitute the entire agreement between the Parties.  Any previous memoranda regarding settlement are superseded by this Settlement Agreement.  No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Settlement Agreement.

**17.02**  Governing Law.  This Settlement Agreement shall be governed by the laws of the State of Illinois.

**17.03**  Jurisdiction.  The Court shall retain continuing and exclusive jurisdiction over the

Parties to this Settlement Agreement, including the Plaintiff and all Settlement Class Members, for purposes of the administration and enforcement of this Settlement Agreement.

**17.04**  No Construction Against Drafter. This Settlement Agreement was drafted jointly by the Parties and, in construing and interpreting this Settlement Agreement, no provision of this Settlement Agreement shall be construed or interpreted against any Party based upon the contention that this Settlement Agreement or a portion of it was purportedly drafted or prepared by that Party.

**17.05**  Resolution of Disputes. The Parties shall cooperate in good faith in the administration of this Settlement Agreement and agree to use their best efforts to promptly file a motion for preliminary approval with the Court.  Any unresolved dispute regarding the administration of this Settlement Agreement shall be decided by a retired Judge with JAMS, Chicago, with the first preference being Judge Holderman, if available.

**17.06**  Counterparts.  This Settlement Agreement may be signed in counterparts, and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

**17.07**  Time Periods.  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**17.08**  Authority.  Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Settlement Agreement.

**17.09**  No Oral Modifications.  This Settlement Agreement may not be amended, modified, altered or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Defendant and Plaintiff, and approved by the Court.

**17.10**   <u>Publicity and Confidentiality</u>.  The Parties agree that they will not initiate any publicity of the Settlement Agreement and will not respond to requests by any media (whether print, online, or any traditional or non-traditional form) about the Settlement Agreement.  Notice of the Settlement Agreement will be delivered exclusively through the notice process set forth in Section VIII, above.

**17.11**   <u>Notices</u>.  Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax or hand delivery, postage prepaid, as follows:

If to Class Counsel:

>Jeremy M. Glapion
>The Glapion Law Firm, LLC
>1704 Maxwell Drive
>Wall, New Jersey 07719
>Telephone: (732-455-9737
>jmg@glapionlaw.com

If to counsel for Defendant

> Erin L. Hoffman
> Larry E. LaTarte
> Faegre Baker Daniels LLP
> 2200 Wells Fargo Center
> 90 South Seventh Street
> Minneapolis, MN 55402-3901, USA
> Telephone: (612) 766-8043
> erin.hoffman@FaegreBD.com
> larry.latarte@FaegreBD.com

> Sanford L. Michelman
> Todd Stitt
> Michelman & Robinson, LLP
> 10880 Wilshire Blvd., 19th Floor
> Los Angeles, CA. 90024
> Telephone: (310) 299-5500
> smichelm@mrllp.com
> tstitt@mrllp.com

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to

be executed.

DATED: _____        Plaintiff Christy Griffith

                                       _____

DATED: _4/3/18_____                Defendant ContextMedia Health, LLC.

                                       Name: _____

                                       Title: _General Cansel_____

- 31 -

APPROVED AS TO FORM AND CONTENT:

DATED:  April 3, 2018             FAEGRE BAKER DANIELS LLP

                                  By:  _____
                                          Erin L. Hoffman
                                          Attorney for Defendant
                                          ContextMedia Health, LLC.


DATED:  April 3, 2018             MICHELMAN & ROBINSON, LLP

                                  By:  _____
                                          Sanford Michelman
                                          Attorney for Defendant
                                          ContextMedia Health, LLC.


DATED:  _____   THE GLAPION LAW FIRM, LLC

                                  By:  _____
                                          Jeremy M. Glapion
                                          Class Counsel

<u>If to counsel for Defendant</u>

        Erin L. Hoffman
        Larry E. LaTarte
        Faegre Baker Daniels LLP
        2200 Wells Fargo Center
        90 South Seventh Street
        Minneapolis, MN 55402-3901, USA
        Telephone: (612) 766-8043
        erin.hoffman@FaegreBD.com
        larry.latarte@FaegreBD.com

        Sanford L. Michelman
        Todd Stitt
        Michelman & Robinson, LLP
        10880 Wilshire Blvd., 19th Floor
        Los Angeles, CA. 90024
        Telephone: (310) 299-5500
        smichelm@mrllp.com
        tstitt@mrllp.com

        IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed.

DATED:   4/2/2018  _____

                             Plaintiff Christy Griffith

                             *Christy Griffith*
                             D7256179E9C14E0...

DATED:   _____

                             Defendant ContextMedia Health, LLC.

                             Name: _____

                             Title: _____

APPROVED AS TO FORM AND CONTENT:

DATED: _____          FAEGRE BAKER DANIELS LLP


                                    By: _____
                                              Erin L. Hoffman
                                           Attorney for Defendant
                                        ContextMedia Health, LLC.


DATED: _____          MICHELMAN & ROBINSON, LLP


                                    By: _____
                                            Sanford Michelman
                                           Attorney for Defendant
                                        ContextMedia Health, LLC.


                    4/2/2018
DATED: _____          THE GLAPION LAW FIRM, LLC


                                    By: _____
                                            Jeremy M. Glapion
                                              Class Counsel

# EXHIBIT A

Settlement Claims Administrator
PO Box _____
[City], [State] [Zip]

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO. 2882

Important Notice About a Class Action Settlement

*Griffith v. ContextMedia Health, LLC*
Case No. 16-2900
United States District Court
Northern District of Illinois

<<BARCODE>>

<<First1>> <<Last1>>
<<CO>>
<<Addr2>>
<<Addr1>>
<<CITY, ST, ZIP>>
<<COUNTRY>>

**If you or someone on your account was sent one or more Healthy Tips text messages after you or they had texted back "STOP" or "STOP CMH TIPS," you or they may be entitled to a payment from a class action Settlement**

**Cash Payment Claim Form**

To make a Claim for a cash payment from the Settlement Fund, you must fill out, sign and return this card by **Month Day, 2018**, or you can submit your claim online by **11:59 p.m. PST on Month Day, 2018** at www.XXXXXXXXXXXXXXXX.com by inputting this unique identification number: <<CLAIM ID>>

Cell phone number on which you received the "Healthy Tips" text messages:

| | | | | - | | | | | - | | | | |

Please have the **primary user** of the above telephone number when the text messages were received (approximately July 28, 2015 to March 31, 2016) fill out and sign below.

First Name:        MI:    Last Name:

Current Address:

City:       State:    ZIP Code:

Current contact telephone number, if available:

Email Address:

Signature:       Date (MM/DD/YY):

<<BARCODE>>

**If you or someone on your account were sent one or more Healthy Tips text messages after you or they had texted back "STOP" or "STOP CMH TIPS," you or they may be entitled to a payment from a class action Settlement**

A $2.9 million Settlement has been reached in a class action lawsuit about whether ContextMedia Health, LLC ("Defendant") sent text messages to wireless telephone numbers without the consent of the recipients in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The Defendant denies the allegations in the lawsuit, and the Court has not decided who is right.

**Who's Included? The Defendant's records show that you or someone on your cell phone account is likely a Settlement Class Member.** The Class includes all persons within the United States to whose cellular telephone number Defendant ContextMedia Health, LLC sent, or caused to be sent, a text message, other than an opt-out confirmation text message, as part of its "Healthy Tips" campaign, after Defendant's records or the records of any entity with whom Defendant contracted to provide text messaging services indicate that the telephone number to which the text messages were sent had previously sent a text message with the single word "STOP" or the single phrase "STOP CMH TIPS," regardless of capitalization.

**What Are the Settlement Terms?** Defendants have agreed to pay $2,900,000 to create a Settlement Fund to pay cash payments to valid claimants, attorney fees, a service award, costs, expenses and settlement administration. The cash payments will be distributed on a pro rata per text message basis to valid claimants depending on the total number of text messages included in all valid claims filed. Each Settlement Class Member may only file one valid claim per unique affected cell phone number.

**How Can Class Members Get a Payment?** Fill out and return the included Claim Form by regular U.S. mail, postmarked on or before **Month, DD, 2018**. You may also file a claim online at the website (www.XXXXXXXXXXXXXXX.com). The deadline to file a claim online is **11:59 p.m. PST on Month, Day, 2018**.

**Your Rights May Be Affected.** If you do not want to be bound by the Settlement you must exclude yourself by **Month Day, 2018**. If you do not exclude yourself you will release claims you may have against the Defendant as more fully described in the settlement website. If you stay in the Class you may object to the Settlement by **Month Day, 2018**. The Detailed Notice available on the website listed below explains how to exclude yourself or object. The Court will hold a hearing on **Month Day, 2018** to consider whether to approve the Settlement and a request for attorneys' fees and costs of up to 1/3 of the Settlement Fund, and a Class Representative service award of up to $10,000. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to. For more information, call or visit the Settlement website.

**www.XXXXXXXXXXXXXXX.com • 1-XXX-XXX-XXXX**



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL
FIRST-CLASS MAIL          PERMIT NO 581          PORTLAND OR

POSTAGE WILL BE PAID BY ADDRESSEE

_____ Settlement Claims Administrator

PO Box ____

[City], [State]  [Zip]

*Griffith v. ContextMedia Health, LLC.*, Case No. 1:16-cv-02900
United States District Court, Northern District of Illinois

## <u>CASH PAYMENT CLAIM FORM</u>

To make a claim for a Cash Award from the Settlement Fund, you must fill out, sign, and return this card by **Month DD, 2018**.

To submit by U.S. Mail, send the Claim Form to the following address:

Claims Administrator
P.O. Box XXXX
Portland, OR 97208-XXXX

Cellphone number at which you received the "Healthy Tips" text messages:

_____-_____-_____

Please have the **<u>primary user</u>** of the above phone number when the text messages were received (approximately July 28, 2015, to March 31, 2016) fill out and sign below.

First Name:                          MI:                          Last Name:

_____      _____

Current Address:

_____

City:                                                              State:  ZIP Code:

_____  _____  _____

Current Contact Phone Number (if available):

_____-_____-_____

Email Address:
_____

Signature: _____

Date: _____

Questions? Visit www.XXXXXXXXXXXXX.com or call 1-XXX-XXX-XXXX.

Settlement Administrator
PO Box XXXX
Portland, OR 97208-XXXX

YOUR RESPONSE MUST BE
RECEIVED BY
<<MONTH DD+30, YYYY>>

<<MAIL ID>>

<<NAME1>>
<<NAME2>>
<<ADDRESS1>>
<<ADDRESS2>>
<<ADDRESS3>>
<<ADDRESS4>>
<<ADDRESS5>>                           <<MailDate (Month DD, YYYY)>>
<<CITY>> <<STATE>> <<ZIP CODE>>    Tracking Number: <<TRACKING NUMBER>>
<<COUNTRY>>

**Deficient Claim Notice**

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE CLAIM FORM YOU
SUBMITTED IS NOT COMPLETE, AND WE NEED ADDITIONAL INFORMATION.**

Dear Claimant(s):

We received the Claim Form you submitted in connection with the Settlement in *Griffith v. ContextMedia Health, LLC*, Case No. 16-2900. Upon review of your Claim Form(s), we have determined that it is deficient for the following reason(s):

*(CEL – Unmatched Cell Phone Number)*

We have been unable to match the cell phone number on which you claim to have received the "CMH Tips" to the records in the Settlement Class list. To assist us with validating your Claim, please provide either: 1) the telephone number and name of the person on the cellular account who received the "CMH Tips" text messages, keeping in mind that this may not be you, but may instead be someone who is or was on your account; *or* 2) the name and telephone number for each person on your cellular account between July 28, 2015 and March 31, 2016, and we will attempt to match each number with the number on our list.

Your Deficient Claim Notice must be received by **Month, DD, YYYY**.

1) Telephone number and name of the person on the cellular account who actually received the text messages at the time

First name: _____    MI: _____    Last Name: _____

Cell Phone Number

_ _ _ - _ _ _ - _ _ _ _

2) Name and telephone number for each person on a particular cellular account between July 28, 2015 and March 31, 2016. If you need additional space, please include a separate page.

First name:                          MI:                    Last Name:

_____          _____          _____

Cell Phone Number

_ _ _ ˉ _ _ _ ˉ _ _ _ _

First name:                          MI:                    Last Name:

_____          _____          _____

Cell Phone Number

_ _ _ ˉ _ _ _ ˉ _ _ _ _

First name:                          MI:                    Last Name:

_____          _____          _____

Cell Phone Number

_ _ _ ˉ _ _ _ ˉ _ _ _ _

First name:                          MI:                    Last Name:

_____          _____          _____

Cell Phone Number

_ _ _ ˉ _ _ _ ˉ _ _ _ _

First name:                          MI:                    Last Name:

_____          _____          _____

Cell Phone Number

_ _ _ ˉ _ _ _ ˉ _ _ _ _


*(SIG – Missing Signature)*

The Claim Form you submitted did not include your signature. A complete and valid Claim Form requires a signature.

Please include your name in both the Signature and Printed Name fields below and return this letter to the Settlement Administrator.


Signature: _____          Date: _____ - _____ - _____
                                                                    (MM-DD-YY)


Printed Name: _____

Your completed response should be mailed to the Settlement Administrator at [Name] Settlement Administrator, P.O. Box XXXX, Portland, OR 97208-XXXX. Please read the directions in this letter carefully. If your response is not complete or is not received by the date provided at the top right of the first page of this letter, your incomplete Claim Form will be considered invalid for the reason(s) listed above, and you will not be able to obtain Settlement Relief.

If you have any questions, please contact us by calling toll-free at 1-XXX-XXX-XXXX.

Regards,

Settlement Administrator

# EXHIBIT B

PO Box _____
[City], [State] [Zip]

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO. 2882

Important Notice About a Class Action Settlement

*Griffith v. ContextMedia Health, LLC*
Case No. 16-2900
United States District Court
Northern District of Illinois

<<BARCODE>>

<<First1>> <<Last1>>
<<CO>>
<<Addr2>>
<<Addr1>>
<<CITY, ST, ZIP>>
<<COUNTRY>>

**If you or someone on your account was sent one or more Healthy Tips text messages after you or they had texted back "STOP" or "STOP CMH TIPS," you or they may be entitled to a payment from a class action Settlement**

## Cash Payment Claim Form

To make a Claim for a cash payment from the Settlement Fund, you <u>must</u> fill out, sign and return this card by **Month Day, 2018**, or you can submit your claim online by **11:59 p.m. PST on Month Day, 2018** at www.XXXXXXXXXXXXXXXX.com by inputting this unique identification number:  <<CLAIM ID>>

Cell phone number on which you received the "Healthy Tips" text messages:

|   |   |   | - |   |   |   | - |   |   |   |   |
|---|---|---|---|---|---|---|---|---|---|---|---|

Please have the **primary user** of the above telephone number when the text messages were received (approximately July 28, 2015 to March 31, 2016) fill out and sign below.

First Name:                                      MI:       Last Name:

Current Address:

City:                                      State:       ZIP Code:

Current contact telephone number, if available:

Email Address:

Signature:                                      Date (MM/DD/YY):

<<BARCODE>>

**If you or someone on your account were sent one or more Healthy Tips text messages after you or they had texted back "STOP" or "STOP CMH TIPS," you or they may be entitled to a payment from a class action Settlement**

A \$2.9 million Settlement has been reached in a class action lawsuit about whether ContextMedia Health, LLC ("Defendant") sent text messages to wireless telephone numbers without the consent of the recipients in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The Defendant denies the allegations in the lawsuit, and the Court has not decided who is right.

**Who's Included? The Defendant's records show that you or someone on your cell phone account is likely a Settlement Class Member.** The Class includes all persons within the United States to whose cellular telephone number Defendant ContextMedia Health, LLC sent, or caused to be sent, a text message, other than an opt-out confirmation text message, as part of its "Healthy Tips" campaign, after Defendant's records or the records of any entity with whom Defendant contracted to provide text messaging services indicate that the telephone number to which the text messages were sent had previously sent a text message with the single word "STOP" or the single phrase "STOP CMH TIPS," regardless of capitalization.

**What Are the Settlement Terms?** Defendants have agreed to pay \$2,900,000 to create a Settlement Fund to pay cash payments to valid claimants, attorney fees, a service award, costs, expenses and settlement administration. The cash payments will be distributed on a pro rata per text message basis to valid claimants depending on the total number of text messages included in all valid claims filed. Each Settlement Class Member may only file one valid claim per unique affected cell phone number.

**How Can Class Members Get a Payment?** Fill out and return the included Claim Form by regular U.S. mail, postmarked on or before **Month, DD, 2018**. You may also file a claim online at the website (www.XXXXXXXXXXXXXX.com). The deadline to file a claim online is **11:59 p.m. PST on Month, Day, 2018**.

**Your Rights May Be Affected.** If you do not want to be bound by the Settlement you must exclude yourself by **Month Day, 2018**. If you do not exclude yourself you will release claims you may have against the Defendant as more fully described in the settlement website. If you stay in the Class you may object to the Settlement by **Month Day, 2018**. The Detailed Notice available on the website listed below explains how to exclude yourself or object. The Court will hold a hearing on **Month Day, 2018** to consider whether to approve the Settlement and a request for attorneys' fees and costs of up to 1/3 of the Settlement Fund, and a Class Representative service award of up to \$10,000. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to. For more information, call or visit the Settlement website.

**www.XXXXXXXXXXXXXX.com • 1-XXX-XXX-XXXX**



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL
FIRST-CLASS MAIL     PERMIT NO 581     PORTLAND OR

POSTAGE WILL BE PAID BY ADDRESSEE

_____ Settlement Claims Administrator

PO Box \_\_\_\_

[City], [State]  [Zip]

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

# If you or someone on your account was sent one or more Healthy Tips text messages after you or they had texted back "STOP" or "STOP CMH TIPS," you or they may be entitled to a payment from a class action Settlement.

*A federal court directed this notice. This is not a solicitation from a lawyer.*

- A $2.9 million Settlement has been reached in a class action lawsuit about whether ContextMedia Health, LLC ("Defendant") sent text messages to wireless telephone numbers without the consent of the recipients in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The Defendant denies the allegations in the lawsuit, and the Court has not decided who is right.

- The Settlement offers payments to Settlement Class Members who file valid claims. The amount of money you may be eligible for depends on the number of texts received after you texted "STOP" or "STOP CMH TIPS" (regardless of capitalization). Only one Claim may be submitted for each unique cell number.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | Submit a Claim Form online or by mail seeking cash payment. |
| **EXCLUDE YOURSELF** | Request to be excluded and get no benefits from the Settlement. This is the only option that allows you to start or continue your own lawsuit against the Defendant for the claims at issue in the Settlement. |
| **OBJECT** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no benefits. Give up any rights you might have to sue the Defendant about the claims resolved by the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. If it does, and after any appeals are resolved, benefits will be distributed to those who submit qualifying claim forms. Please be patient.

## WHAT THIS NOTICE CONTAINS

QUESTIONS? CALL 1-XXX-XXX-XXXX OR VISIT WWW.XXXXXXXXXXXX.com
Si desea recibir esta notificación en español, llámenos o visite nuestra página web.

**BASIC INFORMATION** ...................................................................................................**PAGE 3**
    1. Why is there a notice?
    2. What is this litigation about?
    3. What is the Telephone Consumer Protection Act?
    4. Why is this a class action?
    5. Why is there a Settlement?

**WHO IS PART OF THE SETTLEMENT**........................................................................**PAGE 4**
    6. Who is included in the Settlement?
    7. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS** ..................................................................................**PAGE 5**
    8. I did not receive these text messages. Why did I receive notice?
    9. What does the Settlement provide?
    10. How much is each Claim worth?
    11. How do I file a claim?
    12. When will I receive my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................................................**PAGE 6**
    13. How do I get out of the Settlement?
    14. If I do not exclude myself, can I sue the Defendant for the same thing later?
    15. What am I giving up to stay in the Settlement Class?
    16. If I exclude myself, can I still get a payment?

**THE LAWYERS REPRESENTING YOU** .......................................................................**PAGE 7**
    17. Do I have a lawyer in the case?
    18. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**...........................................................................**PAGE 7**
    19. How do I tell the Court if I do not like the Settlement?
    20. What is the difference between objecting and asking to be excluded?

**THE COURT'S FINAL APPROVAL HEARING** .............................................................**PAGE 8**
    21. When and where will the Court decide whether to approve the Settlement?
    22. Do I have to attend the hearing?
    23. May I speak at the hearing?

**IF YOU DO NOTHING** .................................................................................................**PAGE 9**
    24. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ...............................................................................**PAGE 9**
    25. How do I get more information?

# BASIC INFORMATION

## 1. Why is there a notice?

A Court authorized this notice because you have a right to know about the proposed Settlement of a class action lawsuit known as *Griffith v. ContextMedia Health, LLC d/b/a Outcome Health,* Case No. 1:16-cv-02900, and about all of your options before the Court decides whether to give final approval to the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge Elaine E. Bucklo of the United States District Court, Northern District of Illinois is overseeing this case. The person who sued, Christy Griffith, is called the "Plaintiff." ContextMedia Health, LLC is the "Defendant."

## 2. What is this litigation about?

The lawsuit alleges that ContextMedia Health, LLC sent text messages to Plaintiff's wireless telephone number without prior express written consent and in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The text messages at issue in the litigation were sent from Defendant's "Healthy Tips" service, through which Defendant would send to Class Members' cell phones a text message containing a nutrition tip each day. Specifically, the lawsuit alleges that the Defendant continued to send these text messages after Class Members had replied "STOP" or "STOP CMH TIPS." The lawsuit seeks actual and statutory damages under the TCPA on behalf of the named Plaintiff, Christy Griffith, and a proposed class of all individuals in the United States who received the texts.

The Defendant denies the allegations and disputes that it violated the TCPA in any respect, including but not limited whether any exemptions or exceptions apply with respect to the TCPA, whether an automatic telephone dialing system was used; whether there was a proper revocation in each instance by each putative class member, etc.; or that Plaintiff and putative class members are entitled to any relief.

The Plaintiff's Third Amended Class Action Complaint, the Settlement Agreement, and other case-related documents are posted on the website, www.XXXXXXXXXXXXXXXXXXXX.com. The Settlement resolves the lawsuit. The Court has not decided who is right.

## 3. What is the Telephone Consumer Protection Act?

The Telephone Consumer Protection Act (commonly referred to as the "TCPA") is a federal law that restricts telephone solicitations and the use of automated telephone equipment. The Plaintiff here alleged that the Defendant sent text messages to Settlement Class Members without their prior written consent in violation of the TCPA.

## 4. Why is this a class action?

In a class action, one or more people called "Class Representatives" (in this case, Plaintiff Christy Griffith) sue on behalf of themselves and other people with similar claims. Together, all the people with similar claims (except those who exclude themselves) are members of a "Settlement Class."

## 5. Why is there a Settlement?

The Court has not decided in favor of the Plaintiff or Defendant. Instead, both sides have agreed to the Settlement. By agreeing to the Settlement, the Parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Settlement Class Members will receive the benefits described in this notice. The proposed Settlement does not mean that any law was broken or that the Defendant did anything wrong. The Defendant denies all legal claims in this case. Plaintiff and her lawyers think the proposed Settlement is best for everyone who is affected.

# WHO IS PART OF THE SETTLEMENT

## 6. Who is included in the Settlement?

The Settlement includes all persons within the United States to whose cellular telephone number Defendant ContextMedia Health, LLC sent, or caused to be sent, a text message, other than an opt-out confirmation text message, as part of its "Healthy Tips" campaign, after Defendant's records or the records of any entity with whom Defendant contracted to provide text messaging services indicate that the telephone number to which the text messages were sent had previously sent a text message with the single word "STOP" or the single phrase "STOP CMH TIPS," regardless of capitalization. These people are called the "Settlement Class" or "Settlement Class Members."

When capitalized in this notice, the term "Texts" means: outbound texts made by ContextMedia, or on its behalf, as part of its "Healthy Tips" campaign, sent to Settlement Class Members as described above.

## 7. What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are in the Settlement Class or have any other questions about the Settlement, visit the settlement website at www.XXXXXXXXXXXXXXX.com. You may also call the toll-free number, 1-XXX-XXX-XXXX. You also may send questions to the Settlement Administrator at XXXXXXXXXXXXXXX Settlement Administrator, PO Box XXXX, Portland, OR 97XXX-XXXX.

## 8. I did not receive these text messages. Why did I receive notice?

The only information the Parties had regarding who was sent the Texts was the telephone numbers to which the Texts were sent. Accordingly, Class Counsel issued subpoenas to carriers to obtain the name and address associated with the phone numbers to which the Texts were sent. However, carriers often only know the identity of the account holder associated with a telephone number, rather than the primary user of that telephone number. As such, if you received notice but do not recall receiving these text messages, please ask anyone whose telephone number was on your account between July 28, 2015 and March 31, 2016 whether they recall receiving these messages. If so, please have that person fill out the claim form.

# THE SETTLEMENT BENEFITS

QUESTIONS? CALL 1-XXX-XXX-XXXX OR VISIT www.XXXXXXXXXXXX.com

## 9. What does the Settlement provide?

The Defendant has agreed to pay or cause to be paid $2,900,000 to create a "Settlement Fund." The Settlement Fund will be used to pay approved Claims and all Settlement Costs (an incentive payment to the Class Representative, any awarded attorneys' fees and costs, and any costs associated with the administration of this settlement). The cash payments will be distributed on a pro rata per text message basis to valid claimants depending on the total number of text messages included in all valid claims filed. Each Settlement Class Member may only file one valid claim per unique affected cell phone number.

## 10. How much is each Claim worth?

The amount paid to each valid Claimant will depend on the total number of Texts included in all valid Claims and will be determined by the following formula:

($2.9 million Settlement Fund – Settlement Costs) ÷ (Total Number of Texts Sent to Claiming Class Members) = Cash Award Per Text.

For example, if there is $2,000,000 in the Settlement Fund after Settlement Costs, and there are 1,000 Settlement Class Members who make valid and timely claims, whose total Texts equaled 25,000 Texts, the per-Text pro rata share would be $80 per Text (i.e. $2,000,000 ÷ 25,000). So, if one of the 1,000 Settlement Class Member who made a valid and timely claim had received 20 Texts, that Settlement Class Member would receive a payment of $1,600 (i.e. $72 X 20).

The numbers above are used to show how the value of each Claim will be calculated. The final Cash Award Per Text will depend on the number of Texts included in all valid Claims and could be more or less than the example shown above.

## 11. How do I file a claim?

If you qualify for a cash payment you must complete and submit a valid Claim Form. You can file your Claim Form online at www.XXXXXXXXXXXXXX.com. The deadline to file a claim online or via email is **11:59 p.m. PST on Month Day, 2018**.

You may also file your Claim Form via regular mail. Claim Forms submitted by mail must be postmarked on or before **Month Day, 2018** to:

_____ Settlement Administrator
PO Box XXXX
Portland, OR 97XXX-XXXX

The Claim Form will ask you to provide your 1) name; 2) current address; 3) cell phone number on which you received Text(s) from ContextMedia; 4) current contact telephone number, if available; and 5) contact email address, if available.

No matter which method you choose to file your Claim Form, please read the Claim Form carefully and provide all the information required. Only one Claim Form per unique cell phone number included in the Class may be submitted.

## 12. When will I receive my payment?

Payments to valid Class Members will be made only after the Court grants "final approval" to the Settlement and after any appeals are resolved (*see* "The Court's Final Approval Hearing" below). If there are appeals, resolving them can take time. Please be patient.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want benefits from the Settlement, and you want to keep any right you might have to sue the Defendant about the issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself or "opting out" of the Settlement Class.

## 13. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter or other written document by mail to:

_____ Settlement Administrator
PO Box XXXX
Portland, OR 97XXX-XXXX

Your request to be excluded from the Settlement must be personally signed by you, include your full name, address, telephone number, and the telephone number(s) texted by ContextMedia (if different) and contain a statement that indicates your desire to be "excluded from the Settlement Agreement."

Your exclusion request must be postmarked no later than **Month Day, 2018**. You cannot ask to be excluded on the phone, by email, or at the website.

You may opt out of the Settlement Class only for yourself. So-called "mass" or "class" opt-outs filed by third parties on behalf of a "mass" or "class" of Settlement Class Members, when not signed by each Settlement Class Member, will not be valid.

## 14. If I do not exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right you might have to sue the Defendant for legal claims that the Settlement resolves. You must exclude yourself from the Settlement Class in order to try to maintain your own lawsuit. If you start your own lawsuit, you will have to hire your own lawyer, and you will have to prove your claims.

## 15. What am I giving up to stay in the Settlement Class?5

Unless you exclude yourself from the Settlement, you cannot sue or be part of any other lawsuit against the Defendant about the issues in this case, including any existing litigation, arbitration, or proceeding. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you. If you file a Claim Form for benefits or do nothing at all, you will be releasing the Defendant from all of the claims described and identified in Section XIII of the Settlement Agreement.

The Settlement Agreement is available at www.XXXXXXXXXXXXXXX.com. The Settlement Agreement provides more detail regarding the release and describes the released claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law

firms representing the Class listed in Question 16 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

## 16. If I exclude myself, can I still get a payment?

No. You will not get a payment from the Settlement Fund if you exclude yourself from the Settlement.

# THE LAWYERS REPRESENTING YOU

## 17. Do I have a lawyer in the case?

The Court has appointed The Glapion Law Firm, LLC and Tycko & Zavareei LLP as "Class Counsel" to represent all members of the Settlement Class.

You will not be charged for these lawyers. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

## 18. How will the lawyers be paid?

Class Counsel intend to request up to 1/3 of the Settlement Fund for attorneys' fees and expenses. The fees and expenses awarded by the Court will be paid out of the Settlement Fund. The Court will decide the amount of fees and expenses to award.

Class Counsel also will request an incentive payment, not to exceed $10,000, for the Class Representative for the time and effort she has personally invested on behalf of the Settlement Class.

# OBJECTING TO THE SETTLEMENT

## 19. How do I tell the Court if I do not like the Settlement?

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement. To object, you must submit a letter or other written document that includes the following:

- Your full name, address and telephone number;
- The telephone number(s) texted by ContextMedia (if different);
- The reasons for your objection;
- The name of your lawyer for the objection (if any);
- Information about other objections you or your lawyer have made in other class action cases in the last four (4) years; and
- Whether you intend to appear at the Final Approval Hearing (see below) on your own behalf or through your lawyer.

You must file your objection with the Court (using the Court's electronic filing system or in any manner in which the Court accepts filings) so that it is **received** by **Month Day, 2018**. Any documents supporting your objection must also be attached to the objection.

**QUESTIONS? CALL 1-XXX-XXX-XXXX OR VISIT www.XXXXXXXXXXXX.com**

## 20.  What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object to the Settlement only if you do not exclude yourself.  Excluding yourself is telling the Court that you do not want to be part of the Settlement.  If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

# THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses ("Final Approval Hearing").

## 21.  When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a Fairness Hearing on **Month Day, 2018 at \_\_:\_\_ \_.m.**, at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.XXXXXXXXXXXXXXXX.com for updates.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  The Court will also consider the requests by Class Counsel for attorneys' fees and expenses and for the incentive payment to the Class Representative.  If there are objections, the Court will consider them at that time.  After the hearing, the Court will decide whether to approve the Settlement.  It is unknown how long these decisions will take.

## 22.  Do I have to attend the hearing?

No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to attend the hearing at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you submitted your written objection on time and it complies with the other requirements set forth above, the Court will consider it.  You also may pay your own lawyer to attend the hearing, but it is not necessary.

## 23.  May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, your filed objection must include a statement of whether you intend to appear at the Final Approval Hearing (*See* Question 18 above).

You cannot speak at the hearing if you exclude yourself from the Settlement.

# IF YOU DO NOTHING

## 24.  What happens if I do nothing at all?

If you are a Class Member and do nothing, you will not get benefits from the Settlement.  And, unless you exclude yourself, you will be bound by the judgment entered by the Court.  This means you will

not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit or proceeding against the Defendant about the statements and claims at issue in this case.

## GETTING MORE INFORMATION

| 25.  How do I get more information? |
| --- |

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  For a complete, definitive statement of the Settlement terms, refer to the Settlement Agreement at www.XXXXXXXXXXXXXXXX.com.  You may also write with questions to the Settlement Administrator at _____ Settlement Administrator, PO Box XXXX, Portland, OR 97XXX-XXXX, or call the toll-free number, 1-XXX-XXX-XXXX.

*Griffith v. ContextMedia Health, LLC*

# Banner Advertisement

**Facebook**

Static Ad



**Class Action Settlement**
websiteurl.com
If you received a "Healthy Tips" text msg after
opting out, you may be entitled to a payment.